

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### CIVIL RIGHTS DIVISION

JOHN ANTHONY GENTRY,
    Plaintiff

          vs.

THE HONORABLE JUDGE
JOE H THOMPSON
CIRCUIT COURT JUDGE
    Defendant

)
)
)
)
)
)
)
)
)
)

**CASE NO. 3:16 -cv-02617**

JURY DEMANDED (12)

---

## PLAINTIFF'S MEMORANDUM RESPONSE TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT JUDGE JOE H. THOMPSON
## AND PLAINTIFF'S MEMORANDUM RESPONSE TO DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT JUDGE JOE H. THOMPSON

---

Plaintiff, John Anthony Gentry, hereby moves this Honorable Court to Deny Defendant's "Motion To Dismiss Amended Complaint Judge Joe H Thompson" as it is not well taken. Alternatively, if this Honorable Court somehow finds some validity in Defendant's Motion to Dismiss, of which Plaintiff asserts there is none, Plaintiff hereby moves this court to only make a recommendation to the U.S. District Court Judge assigned to this matter.

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................. 3

ARGUMENTS......................................................................................................................... 5

DISPOSITIVE MOTIONS NOT WITHIN THE MAGISTRATE JUDGE'S JURISDICTION OR AUTHORITY ............................................................................................................ 5

ROOKER-FELDMAN DOCTRINE IRRELLEVANT AND PLAINTIFF DOES NOT SEEK FEDERAL APPELLATE REVIEW OF A STATE COURT PROCEEDING............................ 6

COMPLAINT NOT BARRED BY STATUTE OF LIMITATIONS ........................................ 10

A JUDGE IS NOT ABSOUTELY IMMUNE ........................................................................ 13

THE ELEVENTH AMENDMENT IS NECESSAIRLY LIMITED BY ENFORCEMENT PROVISIONS OF THE FOURTEENTH AMENDMENT ...................................................... 16

PLAINTIFF'S COMPLAINT IS A VALID CAUSE OF ACTION AND CLAIM FOR RELIEF ................................................................................................................................. 20

CONCLUSION.................................................................................................................... 22

**Cases**

Armstrong v. Manzo, 380 US 545 - Supreme Court 1965 ......................................................... 21
Atascadero State Hospital v. Scanlon, 473 US 234 - Supreme Court 1985 ................................ 18
Berndt v. State of Tenn., 796 F.2d 879, 883 (6th Cir. 1986) ..................................................... 11
Board of Comm'rs v. United States, 308 U.S. 343, 349-50, 351-52............................................ 10
Bradley v. Fisher, 13 Wall., at 351 ........................................................................................... 14
Campbell v. Haverhill, 155 U.S. 610............................................................................................ 10
Chattanooga Foundry & Pipe Works v. Atlanta, 203 U.S. 390; Rawlings v. Ray, 312 U.S. 96 .. 10
Dutton v. Evans, 400 U. S. 74, 89 (1970)................................................................................... 22
Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005)............................ 8
Fitzpatrick v. Bitzer, 427 US 445 - Supreme Court 1976.......................................................... 18
Forrester v. White, 484 U. S., at 227-229 .................................................................................. 14
Goldberg v. Kelly, 397 US 254 - Supreme Court 1970.............................................................. 21
Grannis v. Ordean, 234 U. S. 385, 394 (1914) .......................................................................... 21
Herget v. Central Bank Co., 324 U.S. 4...................................................................................... 10
Hutto v. Finney, 437 US 678 - Supreme Court 1978................................................................. 18
Kircher v. City of Ypsilanti, 458 F. Supp. 2d 439 - Dist. Court, ED Michigan 2006 ................... 7
Kircher v. City of Ypsilanti, 458 F. Supp. 2d 439 - Dist. Court, ED Michigan 2006 at 450 ......... 7
Lance v. Dennis, 546 US 459 - Supreme Court 2006.................................................................... 8
Mathews v. Eldridge, 424 US 319 - Supreme Court 1976 .......................................................... 21
Murphy v Ross, Civil Action No. 3:14cv870, United States District Court, E.D. Virginia,
   Richmond Division ............................................................................................................... 22
Pierson v. Ray, 386 U. S. 547 (1967) ....................................................................................... 15
Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)............................................................... 22
Pulliam v. Allen, 466 US 522 - Supreme Court 1984 ................................................................ 14

Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984) ..................................................... 11
Stump v. Sparkman, 435 U. S., at 360 ................................................................................ 14

**Statutes**
42 U.S.C. § 1983 ................................................................................................................. 11
28 U.S.C. § 636(b)(1)(A) and (B) .......................................................................... 5, 6
U.S. Const. amend XI ......................................................................................................... 17
U.S. Const. amend. XI ........................................................................................................ 17
U.S. Const. art XIV, § 1 ..................................................................................................... 13
U.S. Const. art. III § 2 .......................................................................................................... 9

**Rules**
Fed. R. Civ. P. Rule 72 (b)(1) .............................................................................................. 6
Fed. R. Civ. P. Rule 72 (b)(2) .............................................................................................. 6
Tenn. Sup. Ct. Rule 10 ........................................................................................................ 11
Tenn. Sup. Ct. Rule 10B ..................................................................................................... 11

## PRELIMINARY STATEMENT

This claim arises out of Defendant's repeated violations of Plaintiff's right of Due Process which includes his right to be heard. Defendant willfully, intentionally and maliciously refused to allow Plaintiff oral arguments in violation of due process rights. Defendant made false statements during court proceedings, in a poorly veiled attempt to hide his violations of Plaintiff's right of due process. The statements made by Defendant, which are evidenced in certified transcripts, prove that Defendant made several false statements. Even if Defendant had read Plaintiff's motions and responses to motions, which he did not, Defendant's refusal to allow oral arguments was still in violation of Plaintiff's right of due process.

Defendant manipulated proceedings and refused to allow Plaintiff's testimony and evidence into the court record in further violation of Plaintiff's right of due process. Defendant willfully and maliciously quashed Plaintiff's subpoenas for witness testimony and evidence in

3

plain violation of Plaintiff's right of due process. Defendant repeatedly made erroneous rulings and refused to allow Plaintiff to present arguments as well as refused to allow Plaintiff to present evidence before making those rulings, in yet further violation of Plaintiff's right of due process guaranteed by the fourteenth amendment of the federal constitution.

Plaintiff takes issue with Defendant's Memorandum of Law in Support of Motion to Dismiss, in that Defendant's memorandum misrepresents the allegations of Plaintiff's complaint. Defendant falsely asserts that on October 27, 2015 "Plaintiff claims that Judge Thompson's statements, in denying the request to appeal, show that he was biased against Plaintiff" which is untrue. Plaintiff's Complaint and Cause of Action is not that Defendant demonstrated bias, although that is also true. Plaintiff's Complaint is that on that date, Defendant issued a ruling without permitting arguments, and that this was a violation of Defendant's right of due process; a right guaranteed to all citizens by our federal constitution. Plaintiff plainly titled this section "October 27, 2015 – CIVIL RIGHTS VIOLATION" (Amended Complaint p. 35).

Defendant falsely asserts that Plaintiff claims that Defendant had not read his motions, and was biased against Plaintiff on February 9, 2016. This is a misrepresentation of the facts of Plaintiff's Complaint. Plaintiff's Complaint and Cause of Action is not about the rulings or demonstrated bias of Defendant. Plaintiff's cause of action and Complaint is that the Defendant grossly violated Plaintiff's right of due process on February 9, 2016 and refused to allow and hear oral arguments, and made a false statement during a court proceedings that he had read Plaintiff's motions and didn't need to hear oral arguments. The facts plainly show Defendant made a knowingly false statement and had not read Plaintiff's motions. Plaintiff is offended at this blatant

4

misrepresentation of his Complaint to this Honorable Court; and so too, should this court be offended.

# ARGUMENTS

## DISPOSITIVE MOTIONS NOT WITHIN THE MAGISTRATE JUDGE'S JURISDICTION OR AUTHORITY

Plaintiff respectfully reminds this Honorable Court, pursuant to the Court Order dated October 5, 2016, this case was referred to the Magistrate Judge for decisions on pretrial matters and *nondispositive* motions only. See **EXHIBIT 1**. As evidenced in **EXHIBIT 1**, U.S. District Court Judge Aleta A. Trauger ordered

> This case is referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions **and report and recommendation of all dispositive motions** under 28 U.S.C. § 636(b)(1)(A) and (B) and to conduct any necessary proceedings under Rule 72(b), FED. R. CIV. P. **EXHIBIT 1**

28 U.S.C. § 636(b)(1)(A) and (B) referenced in the Court's Order states;

> (1) Notwithstanding any provision of law to the contrary—
> (A)
> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, **except** a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, **to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action**. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
> (B)
> a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and **to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by**

> **a judge of the court, of any motion excepted in subparagraph (A)**, of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

Fed. R. Civ. P. Rule 72 (b)(1) also referenced in the Court's Order states:

> A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense... A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a **recommended disposition, including, if appropriate, proposed findings of fact.** The clerk must promptly mail a copy to each party.

Accordingly, pursuant to; Fed. R. Civ. P. Rule 72 (b)(1), the Court's Order dated October 5, 2016, and 28 U.S.C. § 636(b)(1)(A) and (B), this Honorable Court should only make recommendation on dispositive motions. If this Honorable Court, as a result of its deliberations, determines this case should be dismissed, which it should not be for the reasons stated herein, Plaintiff respectfully requests of this Honorable Court, to specifically state in its recommendation; the Magistrate Judge's Findings of Fact and Conclusions of Law considered in recommending Plaintiff's case be dismissed, so that Plaintiff can appropriately object to the court's findings pursuant to Fed. R. Civ. P. Rule 72 (b)(2).

## ROOKER-FELDMAN DOCTRINE IRRELLEVANT AND PLAINTIFF DOES NOT SEEK FEDERAL APPELLATE REVIEW OF A STATE COURT PROCEEDING

Defendants first argument, that the "Rooker-Feldman doctrine bars this Court from reviewing Plaintiff's claim for relief" fails completely for a number of reasons. Appellant directs the court's attention to the prerequisite to application of the Rooker -Feldman doctrine which is that it is confined to cases complaining of injuries caused by state-court judgements rendered

**before** the district court proceedings commenced. Plaintiff's divorce case in the underlying

litigation is **still ongoing**. At the time of writing this memorandum, underlying litigation is still

ongoing. The underlying litigation to this matter is under appeal to the Tennessee Court of Appeals

at Nashville. Therefore, the underlying proceedings have not yet concluded and Rooker-Feldman

doctrine is wholly inapplicable. Plaintiff's assertion that Rooker-Feldman in inapplicable is

affirmed in the case, Kircher v. City of Ypsilanti, 458 F. Supp. 2d 439 - Dist. Court, ED Michigan

2006. In this case, the U.S. District Court, E.D. Michigan, Southern Division's opinion states the

following;

> The recent decision in Exxon Mobil, however, highlights an important
> prerequisite to the application of Rooker-Feldman that is lacking in the
> present case. As this Court recently observed, Exxon Mobil holds that
> **"[t]he Rooker-Feldman doctrine ... is confined to cases of the kind from
> which the doctrine acquired its name: cases brought by state-court
> losers complaining of injuries caused by state-court judgments
> rendered before the district court proceedings commenced and inviting
> district court review and rejection of those judgments."** Kawecki ex rel.
> Marlowe v. County of Macomb, 367 F.Supp.2d 1137, 1142
> (E.D.Mich.2005) (quoting Exxon Mobil, 125 S.Ct. at 1521-22). **The
> doctrine is not applicable, in contrast, where "there is parallel state and
> federal litigation," even if a final judgment is entered in state court
> while the federal suit is still pending.** Kawecki 367 F.Supp.2d at 1142
> (quoting Exxon Mobil, 125 S.Ct. at 1526).
> As is evident from the foregoing account of the state court litigation, most
> or all of the underlying state court suits involving Plaintiffs three Ypsilanti
> properties were still ongoing at the time this federal action was commenced.
> **Indeed, with regard to the Cross Street property and the Thompson
> Building, the Michigan Court of Appeals had recently issued a decision
> reversing in part Judge Shelton's rulings with respect to the Thompson
> Building and ordering further proceedings as to both this and the Cross
> Street property.** Under these circumstances, **where the three state court
> actions cited in Plaintiffs complaint had yet to reach their conclusion at
> the time this federal suit was commenced, and where at least some state
> court proceedings remain pending even as of the present date, the**

**Rooker-Feldman doctrine does not mandate the dismissal of this case for lack of subject matter jurisdiction.** Kircher v. City of Ypsilanti, 458 F. Supp. 2d 439 - Dist. Court, ED Michigan 2006 at 450

As affirmed by Michigan U.S. District court, "*where at least some state court proceedings remain pending even as of the present date, the Rooker-Feldman does not mandate the dismissal of this case for lack of subject matter jurisdiction.*" Plaintiff, further points out the Michigan U.S. District Court specifically referenced appellate court proceedings. Appellate proceedings are still ongoing in the underlying litigation, so therefore, the Rooker-Feldman doctrine is inapplicable, and Defendant's argument here fails completely.

Although no further arguments should be necessary regarding the inapplicability of the Rooker-Feldman doctrine, Plaintiff will further demonstrate the inapplicability of this doctrine. As stated by the U.S. Supreme in the case, Lance v. Dennis, 546 US 459 - Supreme Court 2006;

> The Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).

Plaintiff's complaint is not to ask the federal court to exercise jurisdiction over a case challenging "state-court judgements". Plaintiff's Complaint, cause of action, and claim for relief, lie in the fact that Plaintiff's civil rights, guaranteed and protected by our federal constitution, were maliciously and repeatedly violated by Defendant. Plaintiff's Complaint and cause of action, is that all of Defendant's rulings in the underlying litigation were made through Defendant's violations of Plaintiff's civil rights and in so doing, Defendant was absent jurisdiction and Defendant's malicious acts were no longer judicial acts but individual acts based on his own

8

prejudices and goals. Therefore, Plaintiff is not challenging the rulings of a state-court, since the tortious acts by Defendant were made in absence of jurisdiction, and were his own individual acts and not the rulings of a state-court.

Although Defendant's erroneous and malicious rulings were many, Plaintiff does not make one single reference to challenging those erroneous rulings made by Defendant in his Complaint. Plaintiff's Compliant is regarding the repeated civil rights violations made by Defendant against Plaintiff. Therefore, the Rooker-Feldman doctrine is also wholly inapplicable in this matter in this regard as well.

No judge, in any court, has the jurisdictional authority to disregard the mandates of and right of due process set forth in our federal constitution. Defendant falsely asserts that Plaintiff's Complaint "*asks this Court to exercise what essentially would be federal appellate review of a state court proceeding*", which is untrue. Pursuant to U.S. Const. art. III § 2, which states; "*The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States...*", therefore this case falls under federal jurisdiction because of Defendant's civil rights violations against Plaintiff.

The facts of this case are irrefutable, undeniable, and easily recognizable even by a layperson: Defendant repeatedly violated Plaintiff's right of due process. Plaintiff's Complaint is not seeking federal appellate review of a state court proceeding. Plaintiff is seeking redress for the tortious actions by Defendant against Plaintiff, made in violation of U.S. Const. art XIV, § 1, which states;

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; **nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.** U.S. Const. art XIV, § 1

Defendant violated Plaintiff's right of due process. Defendant violated Plaintiff's right of Equal Protection under the law. Civil rights violations are the basis of Plaintiff's Complaint and Cause of Action, and not the erroneous and malicious rulings made by Defendant.

## COMPLAINT NOT BARRED BY STATUTE OF LIMITATIONS

Defendant makes the false argument that certain specified allegations against him in Plaintiff's Complaint are barred by the statute of limitations which is untrue.

Plaintiff agrees with Defendant that Tennessee statutes set the limitation of time for commencement of actions taken under federal jurisdiction. As stated by the U.S. Supreme Court;

If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive. See, *e.g., Herget* v. *Central Bank Co.,* 324 U.S. 4. The rub comes when Congress is silent. Apart from penal enactments, Congress has usually left the limitation of time for commencing actions under national legislation to judicial implications. **As to actions at law, the silence of Congress has been interpreted to mean that it is federal policy to adopt the local law of limitation**. See *Campbell* v. *Haverhill,* 155 U.S. 610; *Chattanooga Foundry & Pipe Works* v. *Atlanta,* 203 U.S. 390; *Rawlings* v. *Ray,* 312 U.S. 96. **The implied absorption of State statutes of limitation within the interstices of the federal enactments is a phase of fashioning remedial details where Congress has not spoken but left matters for judicial determination within the general framework of familiar legal principles**. See *Board of Comm'rs* v. *United States,* 308 U.S. 343, 349-50, 351-52.

10

Also, as Defendant referenced in his Memorandum that all actions brought under 42 U.S.C. § 1983, "… the state statute of limitations governing actions for personal injuries is to be applied." Berndt v. State of Tenn., 796 F.2d 879, 883 (6th Cir. 1986)

Defendant further states in his argument, and Plaintiff agrees, "The statute of limitations commences to run when the plaintiff knows or has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984). Plaintiff's Complaint states that the tortious acts of Defendant occurred on the following dates; August 7, 2015, September 15, 2015, October 27, 2015, February 9, 2016, and May 3, 2016. Obviously, the dates occurring between October 27, 2016 and May 3, 2016 are not barred by any statute of limitations.

Since the time period for the statute of limitations commences to run when the plaintiff knows or has reason to know of his injury, the tortious actions of Defendant on August 7, 2016 and September 15, 2015 are not barred by the statute of limitations. As evidenced in his Complaint on page 12, when the Defendant violated Plaintiff's constitutional right of due process, Plaintiff recognized this only as a violation of judicial conduct, which it also was. Plaintiff plainly stated, as evidenced in the transcript; "That's a violation of judicial conduct" (Amended Comp. P. 12).

Plaintiff is not formally trained in the law, and at the time did not have knowledge of constitutional law, and had thus far only been exposed to Tenn. R. of Civ. P, Tenn. Sup. Ct. Rule 10. and Tenn. Sup. Ct. Rule 10B, which he came to know in his endeavor to represent himself as involuntary pro se during the underlying litigation of his Complaint. It is obvious that Plaintiff did

11

not recognize that his civil rights were being violated and that he only recognized Defendant's violation of the Judicial Code of Conduct as defined in Tenn. Sup. Ct. Rule 10.

Plaintiff is an Honorably Discharged Veteran and ultimately believes in our system of justice. During the initial proceedings of the underlying litigation, Plaintiff trusted in the Defendant's commitment to administer impartial justice and Plaintiff believed that Defendant, as a new judge, was simply incompetent and overwhelmed by his new responsibilities as the cause of Defendant's bias and judicial misconduct. Plaintiff sincerely believed that when he would finally be allowed to present his arguments and evidence to Defendant, that Defendant would correct his errors of judgement. It wasn't until after the final hearing on May 3, 2016, that Plaintiff recognized that Defendant had intentionally and willfully violated Plaintiff's right of due process throughout the proceedings of the underlying litigation.

During the final hearing, Defendant, when presiding over the underlying litigation, examined evidence and heard testimony proving perjury by Plaintiff's ex-wife, and yet still the court manipulated proceedings in favor of Plaintiff's ex-wife and denied Plaintiff his right of due process. It was during that final hearing on May 3, 2016, that Plaintiff recognized the intentional, willful and tortious intent of Defendant to violate Plaintiff's civil rights.

It was after that final hearing, that Plaintiff began to research and came to recognize Defendant's gross civil rights violations against Plaintiff. As stated above, at the time of Defendant's civil rights violations against Plaintiff on September 15, 2015, Plaintiff only recognized Defendant's misconduct as a violation of the Judicial Code of Conduct. Since Plaintiff did not know or have reason to know of his civil rights violation injury on August 7, 2015, and

September 15, 2015, the time period for the statute of limitations had not yet begun to commence. Therefore, none of the tortious actions by Defendant are barred by any statute of limitations since Plaintiff did not discover and recognize his civil rights were violated until after May 3, 2016.

**A JUDGE IS NOT ABSOUTELY IMMUNE**

No judge, in any court, has the authority or jurisdiction to invalidate any of the rights and privileges guaranteed to the citizenry by our U.S. Constitution. Just as a judge has no authority, and is in complete absence of jurisdiction to deny a person's freedom of speech, right to bear arms, or any other right or privilege guaranteed by our federal constitution, so too does a judge lack authority and has no jurisdiction whatsoever to deny the basic rights of due process which includes a right to be heard and equal protection under the law as provided for in the U.S. Const. art XIV, § 1.

If judges were afforded this authority and jurisdiction, which they are not, judges could act with complete impunity and disregard of the U.S. Constitution at their whim. It must be obvious to this court, that this is simply not true, and that a judge cannot act with impunity with regards to violating constitutional rights. The facts of this case are clear. The facts of this case are undeniable. The Defendant plainly, obviously and repeatedly violated Plaintiff's right of due process in compete disregard of the Fourteenth Amendment of the U.S. Constitution, and in so doing, Defendant is afforded no protection whatsoever by the doctrine of judicial immunity. Plaintiff's assertions in this regard are affirmed in the following federal citations;

> Rather, our cases make clear that the immunity is overcome in only two sets of circumstances. First, **a judge is not immune from liability for nonjudicial actions**, i. e., actions not taken in the judge's judicial capacity.

Forrester v. White, 484 U. S., at 227-229; Stump v. Sparkman, 435 U. S., at 360.

Second, **a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.** Bradley v. Fisher, 13 Wall., at 351.

As Plaintiff stated in his Amended Complaint;

Any failure to follow the guidelines set forth in the Constitution of the United States and constitutional law, makes a judge's action no longer a judicial act but an individual act as the act represents their own prejudices and goals. Furthermore, case law also shows us that when a judge acts as a trespasser of the law, when a judge does not follow the law, he loses subject matter jurisdiction and the judge's orders are void, of no legal force or affect. (Amended Comp. P. 7)

Defendant has no jurisdiction whatsoever to disregard the rights and privileges guaranteed by our federal constitution

A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. **Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible.** Bradley v. Fisher, 80 US 335 - Supreme Court 1872

Therefore, not only was Defendant absent jurisdiction, Defendant's actions were also non-judicial actions and Defendant cannot claim immunity for his tortious acts.

The case Pulliam v. Allen, 466 US 522 - Supreme Court 1984, clearly establishes that judges are not absolutely immune when civil rights violations have occurred. Indeed, in some cases, federal courts have awarded not only declaratory relief but injunctive relief as well. In the Pulliam case, the Supreme Court of the United States stated as follows;

14

Although injunctive relief against a judge rarely is awarded, the United States Courts of Appeals that have faced the issue are in agreement that judicial immunity does not bar such relief. Pulliam v. Allen, 466 US 522 - Supreme Court 1984

In the Pulliam case, the U.S. Supreme further stated:

> No Court of Appeals ever has concluded that immunity bars injunctive relief against a judge. See n. 6, supra. **At least seven Circuits have indicated affirmatively that there is no immunity bar to such relief, and in situations where in their judgment an injunction against a judicial officer was necessary to prevent irreparable injury to a petitioner's constitutional rights, courts have granted that relief.** *Id. at 537*

> As illustrated above, **there is little support in the common law for a rule of judicial immunity that prevents injunctive relief against a judge. There is even less support for a conclusion that Congress intended to limit the injunctive relief available under § 1983 in a way that would prevent federal injunctive relief against a state judge**. In Pierson v. Ray, 386 U. S. 547 (1967), **the Court found no indication of affirmative congressional intent to insulate judges from the reach of the remedy Congress provided in § 1983**. The Court simply declined to impute to Congress the intent to abrogate common-law principles of judicial immunity. **Absent the presumption of immunity on which Pierson was based, nothing in the legislative history of § 1983 or in this Court's subsequent interpretations of that statute supports a conclusion that Congress intended to insulate judges from prospective collateral injunctive relief.** *Id. at 540*

> Congress' intent could hardly be more plain. **Judicial immunity is no bar to the award of attorney's fees under 42 U. S. C. § 1988**. The judgment of the Court of Appeals, allowing the award of attorney's fees against petitioner, is therefore affirmed. It is so ordered. *Id. at 544*

Accordingly, not only is Defendant not immune from declaratory relief but Defendant is also not immune from injunctive relief. This is especially true considering Defendant's repeated violations of Plaintiff's constitutional rights.

15

As further substantion of Plaintiff's assertion that Defendant cannot claim Judicial Immunity, plaintiff directs the court's attention to U.S.C. 42, § 1983 – Civil action for deprivation of rights which states;

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, **except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable**. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. U.S.C. 42, § 1983

In examining U.S.C. 42, § 1983, Plaintiff first points out that even if Defendant was acting in his judicial capacity, which he was not, U.S.C. 42, § 1983 does not grant immunity from declaratory relief in any way whatsoever and U.S.C. 42, § 1983 only grants immunity in cases where a declaratory decree was not violated or where declaratory relief was unavailable. Therefore, Defendant's claim of "**absolute** judicial immunity" fails.

Considering the stipulation in U.S.C. 42, § 1983, "unless a declaratory decree was violated", Defendant further fails to find immunity from injunctive relief as well.

Defendant violated the declaratory decrees set forth in the U.S. Constitution and is therefore not entitled to immunity from injunctive relief either.

## THE ELEVENTH AMENDMENT IS NECESSAIRLY LIMITED BY ENFORCEMENT PROVISIONS OF THE FOURTEENTH AMENDMENT

16

Defendant falsely asserts that U.S. Const. amend. XI, bars a claim for relief against Judge Thompson in his official capacity which is an invalid argument. First, Plaintiff plainly stated in his Complaint "Any failure to follow the guidelines set forth in the Constitution of the United States and constitutional law, makes a judge's action no longer a judicial act but an individual act as the act represents their own prejudices and goals." (Amend. Comp. P. 7). As Plaintiff further stated in his Complaint, Defendant's violations of Plaintiff's right of due process were most certainly not a judicial function and were in conflict with any definition of a judicial function.

Plaintiff's Complaint against Defendant is against Defendant separately and together as an individual and in his official capacity. Plaintiff also stated "At all relevant times herein, Defendant HONORABLE JUDGE JOE H THOMPSON was and is a Circuit Court Judge of Sumner County, with his principle office located at 100 Courthouse, Gallatin, Sumner County, Tennessee, 37066, (615) 452-6771." (Amend. Comp. P. 3 ¶ 2)

Regardless, if Plaintiff's Complaint is against Defendant in his official capacity, Defendant is not protected by the eleventh amendment. The U.S. Const. amend XI reads as follows;

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

Although the Supreme Court has also interpreted the eleventh amendment to bar federal courts from hearing lawsuits instituted by citizens of the state being sued, an exception permits Congress to abrogate a state's immunity from being sued in federal court by enacting legislation pursuant to its enforcement powers under the Equal Protection and Due Process Clauses of the

Fourteenth Amendment of the U.S. Constitution. In the case, Fitzpatrick v. Bitzer, 427 US 445 -

Supreme Court 1976, the Supreme Court stated;

> The principal question presented by these cases is whether, as against the shield of sovereign immunity afforded the State by the Eleventh Amendment, Edelman v. Jordan, 415 U. S. 651 (1974), **Congress has the power to authorize federal courts to enter such an award against the State as a means of enforcing the substantive guarantees of the Fourteenth Amendment.** The Court of Appeals for the Second Circuit held that the effect of our decision in Edelman was to foreclose Congress' power.

The Supreme Court affirmed it previous decision in the case, Atascadero State Hospital v.

Scanlon, 473 US 234 - Supreme Court 1985. In this case, the Supreme Court stated;

> Moreover, the **Eleventh Amendment is "necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment,"** that is, by Congress' power "to enforce, by appropriate legislation, the substantive provisions of the Fourteenth Amendment." Fitzpatrick v. Bitzer, 427 U. S. 445, 456 (1976). As a result, when acting pursuant to § 5 of the Fourteenth Amendment, Congress can abrogate the Eleventh Amendment without the States' consent.

The Supreme Court also affirmed the same in Hutto v. Finney, 437 US 678 - Supreme

Court 1978 as follows;

> But time has not stood still. Two Terms ago, we decided *Fitzpatrick* v. *Bitzer,* which for the first time in the recent history of the Court asked us to decide "**the question of the relationship between the Eleventh Amendment and the enforcement power granted to Congress under § 5 of the Fourteenth Amendment.**" *Id.,* at 456. **There we concluded that "the Eleventh Amendment, and the principle of state sovereignty which it embodies, . . . are necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment."** *Ibid.* (Citation omitted.) And we went on to hold:
>
>> **"Congress may, in determining what is `appropriate legislation' for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against**

18

> States or state officials which are constitutionally
> impermissible in other contexts." Ibid.

Then, in *Monell* v. *New York City Dept. of Social Services, supra,* decided only weeks ago, **we held that the Congress which passed the Civil Rights Act of 1871, now § 1983—a statute enacted pursuant to § 5 of the Fourteenth Amendment, see 436 U. S., at 665—"*did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies.**" *Id.,* at 690. This holding alone would appear to be enough to vitiate the vitality of *Fitzpatrick's* explanation of *Edelman.*

Moreover, central to the holding in *Monell* was the conclusion that the Act of Feb. 25, 1871, ch. 71, § 2, 16 Stat. 431, provided a definition of the word "person" used to describe the class of defendants in § 1983 suits. Although we did not in *Monell* have to consider whether § 1983 as properly construed makes States liable in damages for their constitutional violations, **the conclusion seems inescapable that, at the very least, § 1983 includes among possible defendants "a class . . . which literally includes States."** *Edelman* v. *Jordan,* 415 U. S., at 672. This follows immediately from the language of the Act of Feb. 25, 1871:

> "[I]n all acts hereafter passed . . . the word 'person' may extend and
> be applied to bodies politic and corporate . . . unless the context
> shows that such words were intended to be used in a more limited
> sense . . . ."

**The phrase "bodies politic and corporate" is now, and certainly would have been in 1871, a synonym for the word "State."** See, *e. g., United States* v. *Maurice,* 26 F. Cas. 1211, 1216 (No. 15,747) (CC Va. 1823) (Marshall, C. J.) ("The United States is a government and, consequently, a body politic and corporate"). See also *Pfizer Inc.* v. *Government of India,* 434 U. S. 308 (1978).

Given our holding in *Monell,* the essential premise of our *Edelman* holding—that no statute involved in *Edelman* authorized suit against "a class of defendants which literally includes States," 415 U. S., at 672— would clearly appear to be no longer true. **Moreover, given *Fitzpatrick's* holding that Congress has plenary power to make States liable in damages when it acts pursuant to § 5 of the Fourteenth Amendment, it is surely at least an open question whether § 1983 properly**

19

> construed does not make the States liable for relief of all kinds,
> notwithstanding the Eleventh Amendment. Whether this is in fact so,
> must of course await consideration in an appropriate case.

In the present case, Plaintiff is not currently seeking damages from the State of Tennessee but Plaintiff reserves that right of redress. Since the Defendant was initially appointed by the State, and Defendant plainly has no regard for the rights of citizens set forth in the fourteenth amendment of the federal constitution, it is likely this is an "appropriate case" referenced by Justice Stevens in the Hutto v. Finney case above. That however, is an argument for another day.

Regardless as to whether or not Plaintiff later seeks damages against the State, the above cases references plainly show Defendant is not afforded protection by the eleventh amendment and that he is subject to declaratory as well as injunctive relief pursuant to 42 U.S.C. § 1983.

## PLAINTIFF'S COMPLAINT IS A VALID CAUSE OF ACTION AND CLAIM FOR RELIEF

Federal Case law shows that, when a judge acts as a trespasser of the law, and when a judge does not follow the law, he loses subject matter jurisdiction and the judge's orders are void, of no legal force or affect.

The case Pulliam v. Allen, 466 US 522 - Supreme Court 1984, clearly establishes that judges are not absolutely immune when civil rights violations have occurred. Indeed, in some extreme cases, federal courts have awarded not only declaratory relief but injunctive relief as well. In the Pulliam case, the Supreme Court of the United States stated as follows;

> Although injunctive relief against a judge rarely is awarded, the United
> States Courts of Appeals that have faced the issue are in agreement that
> judicial immunity does not bar such relief.

20

Plaintiff was wrongfully denied his right to be heard in violation of due process. In the U.S. Supreme Court case, Mathews v. Eldridge, 424 US 319 - Supreme Court 1976, our Supreme Court stated;

> The "right to be heard before being condemned to suffer grievous loss of any kind, **even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society**." Joint Anti-Fascist Comm. v. McGrath, 341 U. S. 123, 168 (1951) (Frankfurter, J., concurring). The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U. S. 545, 552 (1965).

In the case, Armstrong v. Manzo, 380 US 545 - Supreme Court 1965, the Supreme Court stated;

> A fundamental requirement of due process is "the opportunity to be heard." Grannis v. Ordean, 234 U. S. 385, 394. **It is an opportunity which must be granted at a meaningful time and in a meaningful manner**. The trial court could have fully accorded this right to the petitioner **only by granting his motion to set aside the decree and consider the case anew. Only that would have wiped the slate clean. Only that would have restored the petitioner to the position he would have occupied had due process of law been accorded to him in the first place. His motion should have been granted**.

Plaintiff was wrongfully denied an opportunity to cross-examine testimony. In the case, Goldberg v. Kelly, 397 US 254 - Supreme Court 1970, our Supreme Court stated the following;

> "The fundamental requisite of due process of law is the opportunity to be heard." Grannis v. Ordean, 234 U. S. 385, 394 (1914). The hearing must be "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U. S. 545, 552 (1965). In the present context these principles require that a recipient have timely and adequate notice detailing the reasons for a proposed termination, **and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally**. These rights are important in cases such as those before us, **where recipients have challenged proposed**

21

> terminations as resting on incorrect or misleading factual premises or
> on misapplication of rules or policies to the facts of particular cases.
> Goldberg v. Kelly, 397 US 254 - Supreme Court 1970

> The right of cross-examination is more than a desirable rule of trial
> procedure. It is implicit in the constitutional right of confrontation, and
> helps assure the "accuracy of the truth-determining process. Dutton v.
> Evans, 400 U. S. 74, 89 (1970); Bruton v. United States, 391 U. S. 123, 135-
> 137 (1968)

In the case, Murphy v Ross, Civil Action No. 3:14cv870, United States District Court, E.D.

Virginia, Richmond Division, Senior U.S. District Judge Robert E. Payne stated;

> Judicial immunity "is vitiated only when the judicial officer acts in the clear
> absence of all jurisdiction." Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir.
> 1987) (citing Stump v. Sparkman, 435 U.S. 349 (1978)).

## CONCLUSION

As referenced above, each and every argument by Defendant for dismissal, fails to provide

valid grounds for dismissal of Plaintiff's Complaint and cause of action.

Defendant erroneously relied on the Rooker-Feldman doctrine, which plaintiff proved is

not applicable in this case, because the underlying litigation is still ongoing and under review by

the appellate court.

Defendant argued protection and entitlement of judicial immunity which fails because

Defendant was absent jurisdiction and because he violated the declaratory decrees set forth in the

fourteenth amendment of the federal constitution. as further mandated under U.S.C. 42 §1983.

Defendant argued protection under the eleventh amendment which fails because the

eleventh amendment is "necessarily limited by the enforcement provisions of § 5 of the Fourteenth

Amendment.

Defendant argued the statute of limitations excludes specific allegations which also fails because Plaintiff did not know or have reason to know of his injury at the time of occurrence.

In contrast, Plaintiff most certainly has a valid cause of action and claim for relief in that his right of due process were obviously, repeatedly, and maliciously violated.

Therefore, Defendant's Motion to Dismiss should be denied with prejudice.

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
John.a.gentry@comcast.net

23

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and via First Class US Mail, postage prepaid to;

Joseph Ahillen, BPR # 028378
Assistant Attorney General
Civil Rights and Claims Division
Office of the Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207

On this the 28th day of November, 2016

John Anthony Gentry, CPA

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN ANTHONY GENTRY,          )
                              )
        Plaintiff,            )
                              )
v.                            )          Civil No.  3:16-cv-02617
                              )          Judge Trauger
THE HONORABLE JUDGE           )
JOE H. THOMPSON,              )
                              )
        Defendant.            )

# O R D E R

This case is referred to the Magistrate Judge for case management, decision on all

pretrial, nondispositive motions and report and recommendation on all dispositive motions under

28 U.S.C. § 636(b)(1)(A) and (B) and to conduct any necessary proceedings under Rule 72(b),

FED. R. CIV. P.

    It is so **ORDERED.**

    Enter this 5th day of October 2016.

                                        _____
                                        ALETA A. TRAUGER
                                        U.S. District Judge

EXHIBIT 1