```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                           AT NASHVILLE
```

JOHN ANTHONY GENTRY,           )
                               )
        Plaintiff              )
                               )      No. 3:16-2617
v.                             )      Judge Trauger/Brown
                               )      **Jury Demand**
THE HONORABLE JUDGE            )
JOE H. THOMPSON,               )
                               )
        Defendant              )

**TO:  THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION[1]

For the reasons stated below, the Magistrate Judge recommends that the Defendant's motion to dismiss (Docket Entry 11) be granted and this case be dismissed as the court lacks jurisdiction or dismissed with prejudice if the court has jurisdiction.

### BACKGROUND

The Plaintiff filed his complaint against Circuit Court Judge Joe H. Thompson on October 3, 2016, and paid the requisite filing fee. Subsequently, he amended his complaint on October 19, 2016 (Docket Entry 6). The 38-page amended complaint is therefore the operative complaint in this matter. Counsel for Defendant filed a motion to dismiss for failure to state a claim on November 14, 2016 (Docket Entry 11) in lieu of an answer. The motion was supported by a memorandum of law (Docket Entry 12). The Plaintiff filed a response

---

[1]The Magistrate Judge has read the Plaintiff's response and would note as an initial matter the Plaintiff is correct that a magistrate judge may only make a report and recommendation to the district judge, who will then give such report a *de novo* review That is exactly what was ordered in this case. See Docket Entry 3.

on November 28, 2016 (Docket Entry 17). There was no reply and the matter is ready for a report and recommendation.

The Plaintiff's amended complaint cites in considerable detail his view of the proceedings in his divorce case before the Defendant. He alleges that the Defendant violated Title 42 U.S.C. § 1983 by ruling against him without allowing him to be heard or to present evidence and by being biased. He alleges that Defendant's actions violated his right of due process and were outside the jurisdiction of the Defendant in his capacity as judge (Docket Entry 6, par. 13).

In his factual statement, the Plaintiff alleges a number of violations he contends that occurred in a September 15, 2015, hearing (page ID 55-66). On page ID 61 the Plaintiff refers to a July 1, 2016 hearing in two places. It appears that this is a typographical error and he is actually referring to the July 1, 2015, hearing.

The Plaintiff next alleges violations that occurred during what appears to be a final hearing in his divorce case on May 2 and 3, 2016 (page ID 66-68).

The Plaintiff then backtracks to a February 9, 2016, hearing (page ID 68-80). In these pleadings the Plaintiff again complains that the Defendant failed to read his pleadings or to allow him to argue his motion. He further alleges that the court granted all of the motions by his wife without allowing him to be heard. He further alleges that although the Defendant stated that he read the Plaintiff's motions and responses, he clearly did not. He contends in that in this hearing the Defendant was biased against him and should have disqualified himself.

It appears that the actual final hearing in the matter occurred on May 3, 2016 (page ID 80-81). At this hearing he contends that the Defendant showed his bias and his efforts to protect the wife from criminal conduct by stating that if the Plaintiff thought his wife was attempting to subordinate perjury he should take it up with the district attorney. He contends that this violated his due process right to be heard.

The Plaintiff then again backtracks to alleged violations occurring at an October 27, 2015, hearing (page ID 81-84). The hearing on that date appears to involve the discussion of the Plaintiff's motion to compel health insurance and life insurance information from his wife and his motion for a Rule 9 interlocutory appeal. From the transcript pages cited by the Plaintiff it appears that he filed a notice of a hearing, which because of the court clerk's error, was not listed on the docket. Because of this the court did not hear the motion that day. The Plaintiff contends that this demonstrates the trial court's previous decision to disregard his statements and reinforces the Plaintiff's contentions that the trial court was biased and held animosity toward him by both refusing to hear him and by denying him permission to take an interlocutory appeal.

**LEGAL DISCUSSION**

**Standard of Review**

The Sixth Circuit has recently held that motions to dismiss on the pleadings under Fed. R. Civ. P. 12(c) are reviewed *de novo*

3

*Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (citing *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999)).

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). However, a legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

### The Rooker-Feldman Doctrine Bars this Court From Reviewing the Plaintiff's Claim for Relief

The Defendant's first argument is that this Court lacks jurisdiction under the Rooker-Feldman Doctrine, which stands for the proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in state court. Only the United States Supreme Court has jurisdiction to correct state court judgment. *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 415-16 (1923); *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983). As the Sixth Circuit has noted in looking to the Rooker-Feldman Doctrine a three-part inquiry may be used. First, the court determines whether the federal claim is "inextricably intertwined with the claim asserted

4

in the prior state court proceedings;" second, whether the federal claim is a general challenge to the constitutionality of the state law applied in the state action; and thirdly, whether the complaint deals with a specific grievance that the law was invalidly, even unconstitutionally, applied to Plaintiff's particular case. *Hutchinson v. Lauderdale County*, 326 F.3d 747, 755-56 (6th Cir. 2013). In this case as the Defendant correctly points out, the actions the Plaintiff complains of all took place in a divorce case in state court and the Plaintiff's request for relief would challenge the correctness of the decisions in that case.

The Plaintiff in his prayer for relief (page ID 84, par. 3) specifically asks for all judgments issued and rendered by the defendant in the Circuit Court for Sumner County, Case No. 2:014-CV-393, with the exception of the single order declaring the parties' divorce be made null and void. There cannot be a clearer statement that the Plaintiff is attempting to invalidate the state court proceedings, with the one exception of the divorce itself. This court therefore lacks jurisdiction to review the Plaintiff's constitutional claims under the Rooker-Feldman Doctrine. If the Plaintiff believed that his rights were violated during the divorce proceedings his remedy would be appeals through the state appellate court, and if necessary, a petition for certiorari to the United States Supreme Court.

The Magistrate Judge has considered the Plaintiff's argument that the Rooker-Feldman Doctrine does not apply and has read the case he cites--*Kircher v. City of Ypsilanti*, 458 F.Supp.2d 439 (D.C. E.D.

(Mich.) 2006)[2]. However, for the reasons cited above, the Plaintiff is attacking the state court proceedings and the decision of a federal district court cannot supplant a ruling of either the Sixth Circuit or the Supreme Court. To hold otherwise would allow any party in a state court proceeding who loses on a motion to come to federal court to have the federal district court review the matter even though the state court proceeding is not final. Such a ruling would result in absolute chaos.

## Judge Thompson is Entitled to
## Absolute Judicial Immunity

With all due respect to the Plaintiff's arguments in opposition, the Defendant has correctly stated the law on this issue. As the Supreme Court stated in *Mireles v. Waco*, 502 U.S. 9 (1991)[3] judicial immunity is an immunity from suit, not just from ultimate assessment of damages, and judicial immunity is not overcome by allegations of bad faith or malice, the existence which ordinarily would cannot be resolved without engaging in discovery and eventually trial. Immunity applies even when the judge is accused of acting maliciously or corruptly and allegations of malice are insufficient to overcome qualified immunity. *Mireles* at 10. In the *Mireles* case it was alleged that the judge had ordered police officers to bring an attorney into court and to use excessive force. The direction to use excessive force would not be a function normally performed by a judge,

---

[2]This case while not applying Rooker-Feldman squarely holds the Judge was entitled to absolute immunity for his actions.

[3]The Defendant incorrectly cites this case at page ID 96 of his memorandum as 205 U.S.

6

however, the Court noted if only the particular act in question were to be scrutinized, then any mistake of a judge in excess of his authority would become a nonjudicial act because an improper or erroneous act cannot be said to be normally performed by a judge. If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error or were in excess of his authority. The Court went on to note that the relevant inquiry is the nature and function of the act, not the act itself, and that the court would look to the particular act's relation to a general function normally performed by a judge--in this case, the function of directing police officers to bring counsel in a pending case before the court. *Mireles* at 11-12.

Applying this standard to the present case, it is clear that all of the rulings the Defendant made were in the performance of his duty in presiding over the Plaintiff's divorce action. To hold otherwise would make every alleged incorrect decision by a state trial judge a federal constitutional violation.

To the extent the Defendant committed any error, the Plaintiff's remedy was an appeal through the state court system and a petition for certiorari to the United States Supreme Court, not a 1983 action in federal district court. The Defendant is entitled to judicial immunity for all of the acts alleged as they were all taken in his judicial capacity, even if the Plaintiff honestly believes that the Defendant's rulings were in error. *See also, Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997).

The Magistrate Judge considered the Plaintiff's arguments that a judge is not absolute immune, and again for the reasons stated

7

above, the Magistrate Judge concludes that the Plaintiff's argument lacks merit. Everything the Defendant did was in a judicial capacity in presiding over the Plaintiff's divorce case. The fact that the Plaintiff believes that the Defendant should have heard more arguments and not ruled against him does not render a judge's actions outside his judicial authority.

Every judge will be thought at times by one side or the other to have committed errors in his rulings. Errors in rulings do happen as magistrate judges are at times overruled by district judges, district judges are overruled by the court of appeal, and the supreme court overrules circuit courts. The Supreme Court may at times overrule it's own decisions. The fact that a decision may be wrong does not constitute constitutional error.

**The Allegations Against Judge Thompson are Barred by the Statute of Limitations to the Extent that the Alleged Conduct Occurred More than One Year Before the Original Complaint was filed on October 3, 2016**

The Defendant has again correctly cited the law. The statute of limitations for actions brought under Section 1983 are governed by the statute of limitations governing actions for personal injuries in Tennessee. *See Berndt v. State of Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986).

Therefore, regardless of a decision on any of the other defendants' contentions, the actions complained of prior to one year before October 3, 2016, would be barred by the statute of limitations.

Although the Plaintiff alleges that he did not become aware of the statute of limitations issue until after May 3, 2016, his

8

argument misses the point. He was aware that he disagreed with the Defendant's decisions at the time they were made. The fact that he only later concluded they were a constitutional violation, rather than the rules of conduct, does not extend the statute of limitations. Everything the Defendant did was in open court. The fact that the Plaintiff did not draw a conclusion that it was a constitutional violation for a lengthy period of time does not save his complaint from the statute of limitations. To hold otherwise would destroy the concept of statutes of limitations. There is nothing in the record to suggest a valid reason to toll the statute of limitations. Even if the Plaintiff did not hear clearly he had the ability to secure a transcript or ask for a recording of the hearing. The plaintiff had access to the facts and he did not act on them in a timely fashion.

### The Eleventh Amendment Bars any Claim for Relief against Judge Thompson in his Official Capacity

The Magistrate Judge agrees with the Defendant's claim that the Eleventh Amendment bars suit against Judge Thompson in his official capacity. 42 U.S.C. § 1983 applies to persons who act under the color of law. State officials in their official capacities are not persons for the purpose of Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

The Plaintiff argues that Congress can abrogate the Eleventh Amendment without the state's consent. That is an accurate statement. Unfortunately for the Plaintiff's argument the Supreme Court has not held that Congress has abrogated the Eleventh Amendment with respect to official capacity claims under Section 1983 claims such as he has

9

alleged. The case the Plaintiff cites (*Hutto v. Finney*, 437 U.S. 678 (1978)) dealt with the award of attorneys' fees to be paid out of the Department of Corrections funds. The case involved the Eighth Amendment ban on inflicting cruel and unusual punishments made applicable to the state by the Fourteenth Amendment. The court found that the defendants had violated prisoners' constitutional rights under the Eighth Amendment. The Supreme Court noted costs have traditionally been awarded without regard to the state's Eleventh Amendment immunity going back to 1849.

While in a concurring opinion one Justice questioned the limitations of the Eleventh Amendment, it is not the holding of the majority, and until the Supreme Court rules otherwise, claims against the Defendant in his official capacity are barred by the Eleventh Amendment.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that all claims be dismissed with prejudice for lack of jurisdiction. To the extent the court has jurisdiction the case should be dismissed with prejudice due to judicial immunity and the other reasons cite above.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objection to this report and recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this report and recommendation in which to file any responses to said

objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Report and Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

   **ENTER** this 28th day of December, 2016.

            /s/ Joe B. Brown
            JOE B. BROWN
            United States Magistrate Judge