# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY,<br>Plaintiff | )<br>)<br>) |
| vs. | ) CASE NO. 3:16 -cv-02617<br>) Judge Trauger/Brown<br>) |
| THE HONORABLE JUDGE<br>JOE H THOMPSON<br>CIRCUIT COURT JUDGE<br>Defendant | )<br>) JURY DEMANDED (12)<br>)<br>) |

## PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION
## AND
## MOTION TO STRIKE

Plaintiff, John Anthony Gentry, submits this response and objection in opposition to Defendant's response to Plaintiff's objections to the Magistrate Judge's Report and Recommendation.

The questions unfortunately placed before this Honorable Court by Defendant are; *"Does this Honorable Court desire to disregard Federal Rules of Civil Procedure, the U.S. Code of Laws, and an abundance of precedent setting opinions set forth by U.S. District and Appellate Courts and the U.S. Supreme Court?"* and *"Does this Honorable Court desire to make rights guaranteed in the Constitution of the United States, unenforceable, null and void?"*

Defendant's arguments fail utterly and completely through a proven misconstrued interpretation of the Rooker-Feldman Doctrine, false assertions of judicial immunity and failed

1

defense claims, not provided for by the Eleventh Amendment nor through any statute of limitations.

The facts of this case, plainly evidenced in certified court reporter transcripts, clearly show that Defendant blatantly and maliciously violated Plaintiffs constitutional rights that are guaranteed by the fourteenth amendment of the Constitution of The United States.

Plaintiff's claims and arguments of law, irrefutably established by U.S. Code and numerous Supreme Court opinions, prove beyond any doubt, that Plaintiff's claims and causes of action should not be dismissed.

In Plaintiff's Memorandum Response to Defendant's Motion to Dismiss (Docket Entry 17), **Plaintiff referenced several federal statutes, Fed. R. Civ. P., and cited 24 opinions from U.S. District and Appellate Courts, and the U.S. Supreme Court, and proved Plaintiff's claim should not be dismissed.** In Plaintiff's Objection to Magistrate Judge's Report And Recommendation And Motion To Strike (Docket Entry 21), Plaintiff further proved his claim should not be dismissed and cited several additional Fed. R. Civ. P., federal statutes, as well as several additional U.S. Supreme Court opinions.

**MOTION TO STRIKE**

Intending no disrespect to the Attorney General and Reporter, Plaintiff respectfully asserts to this Honorable Court, that in not making any arguments of law, not referencing any federal court opinions, *"Defendant's Response In Opposition To Plaintiff's Objections To Report And Recommendations"* (Docket Entry 23) is nothing more than a "weighing in", personal opinion, and mischaracterization of Plaintiff's responses and objections by the Attorney General

and Reporter. As such, Plaintiff respectfully requests this Honorable Court to strike Defendant's response (Docket Entry 23) from the record in its entirety, pursuant to Fed. R. Civ. P. Rule 12 (f) as it is immaterial and impertinent.

**ROOKER-FELDMAN IS NOT APPLICABLE IN THIS CASE**

Through U.S. Supreme Court opinions, and simple logical arguments of law, Plaintiff proved beyond a doubt, that Defendant's reliance on the Rooker-Feldman Doctrine is a false and failed argument (See Docket Entry 17, pp. 6 – 10) (See Docket Entry 21, pp 7 – 19). In addition to Plaintiff's numerous citations of Supreme Court opinions and federal statutes, **using the Magistrate's own primary citation (*Hutchinson v. Lauderdale County,326 F.3d 747*), Plaintiff further proved that the Rooker-Feldman Doctrine is not applicable to this present cause of action**. Plaintiff is astounded that without any rebuttal argument, without any counter court opinions, Defendant, Magistrate Judge, and Attorney General still claim a lack of jurisdiction based on the Rooker and Feldman cases.

**DEFENDANT DOES NOT HAVE ABSOLUTE JUDICIAL IMMUNITY**

Again, through U.S. Supreme Court opinions, and as established in *U.S.C. Title 42 § 1983*, Plaintiff proved beyond a doubt, that Defendant's reliance on judicial immunity is a false and failed argument (See Docket Entry 17, pp. 13 – 16), (See Docket Entry 21, pp 16 – 21). In addition to Plaintiff's numerous citations of Supreme Court opinions and federal statutes, **using the Magistrate's own primary citation (*Mireles v. Waco, 502 U.S. 9*), Plaintiff proved undeniably that Defendant does not have judicial immunity** (See Docket Entry 21, p. 18 ¶ 3 – p. 21). Incredulously, Defendant, Magistrate Judge, and Attorney General effectively suggest

3

U.S.C. Title 42 § 1983 and rights guaranteed by the Constitution of The United States are unenforceable. It cannot be true that the U.S.C. and rights guaranteed in our federal constitution are not enforceable. To hold otherwise is an affront to the principles upon which our country was founded.

## THE ELEVENTH AMMENDMENT DOES NOT BAR A CLAIM AGAINST DEFENDANT IN HIS OFFICIAL CAPACITY

Yet again, through U.S. Supreme Court opinions, Plaintiff proved beyond any doubt whatsoever, that Defendant is not protected in his official capacity by Amendment XI of the U.S. Constitution (See Docket Entry 17, pp. 17 – 20). As Plaintiff cited in Docket Entry 17, "Congress has the power to authorize federal courts to enter such an award against the State as a means of enforcing the substantive guarantees of the Fourteenth Amendment." *Fitzpatrick v. Bitzer, 427 US 445 - Supreme Court 1976, at 448*. Plaintiff further cited,

> "Then, in Monell v. New York City Dept. of Social Services, supra, decided only weeks ago, we held that the Congress which passed the Civil Rights Act of 1871, now § 1983—a statute enacted pursuant to § 5 of the Fourteenth Amendment, see 436 U. S., at 665—"**did intend municipalities and other local government units to be included among those persons to whom § 1983 applies.**" *Hutto v. Finney, 437 US 678 - Supreme Court 1978, at 702*.

Although Plaintiff cited this particular Supreme Court opinion to show that Defendant, in his official capacity, is not protected by the Eleventh Amendment, Plaintiff would further direct this Court's attention to the fact that the above cited opinion further proves that; (1) the Rooker-Feldman Doctrine does not bar jurisdiction in this case, (2) Title 42, § 1983 is in fact enforceable in U.S. District Courts, and (3) pursuant to Title 42 § 1983, Defendant does not have judicial immunity.

4

## PLAINTIFF'S COMPLAINT NOT BARRED BY STATUTE OF LIMITATIONS

Plaintiff would first point out to this Honorable Court, that **Defendant only claims protection under the statute of limitations pertaining to one of many of Defendant's gross and malicious violations of Plaintiff's constitutional rights**. Therefore, Plaintiff's cause of action and claims are not barred by any statute of limitations in entirety. Accordingly, Plaintiff's claims and cause of action cannot be barred through any statute of limitations. This fact, undeniably and irrefutably bars dismissal and Plaintiff asserts it is a misrepresentation of facts to suggest dismissal based on this defense.

Regardless of this fact, Plaintiff also established through Fed. R. Civ. P. that none of Plaintiff's claims and causes of action are barred by any statute of limitations (See Docket Entry 17 p. 10 – 13). In fact, at trail, Plaintiff intends to evidence violations of his constitutional rights that occurred as early as May 9, 2014.

## DE NOVO REVIEW

As Plaintiff established under Fed. R. Civ. P. and federal court opinion, *de novo* review and an evidential or other appropriate hearing is required by the District Court Judge (See Docket Entry 21 p. 5 – 7). As stated in Plaintiff's Objection to the Magistrate's Report and Recommendation, "The term *"de novo"* signifies that the magistrate's findings are not protected by the clearly erroneous doctrine" *United States v. Raddatz, 417 U.S. 667 (1980)*.

In this Court's order dated 10/6/2016 (Docket Entry 3), the Court ordered that pursuant to Fed. R. Civ. P. Rule 72(b), the Magistrate was "to conduct any necessary proceedings"

5

As stated in Plaintiff's Objection to the Magistrate's Report and Recommendation (Docket Entry 21);

> Magistrate Judge Brown correctly cited Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir.2008) and that motions to dismiss on the pleadings under Fed. R. Civ. P. 12(c) are reviewed *de novo* and the standard of review is the same as for a motion under Rule 12(b)(6) for failure to state a claim.
>
> Pursuant to Fed. R. Civ. P. 12(d), all parties must be given a reasonable opportunity to present all material that is pertinent to the motion. Specifically, Fed. R. Civ. P. 12(d) states;
>
>> (d) Result of Presenting Matters Outside the Pleadings. If, **on a motion under Rule 12(b)(6)** or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. **All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.**
>
> Pursuant to Rule 72, Notes of Advisory Committee on Rules – 1983, which states;
>
>> Implementing the statutory requirements, **the rule requires the district judge to whom the case is assigned to make a de novo determination of those portions of the report, findings, or recommendations to which timely objection is made. The term "de novo" signifies that the magistrate's findings are not protected by the clearly erroneous doctrine**, but does not indicate that a second evidentiary hearing is required. See *United States v. Raddatz*, 417 U.S. 667 (1980). See also Silberman, *Masters and Magistrates Part II: The American Analogue*, 50 N.Y.U. L.Rev. 1297, 1367 (1975).

6

Accordingly, this Honorable Court should conduct a de novo review of Plaintiff's pleadings, memorandums, motions and responses. Plaintiff should be granted an evidential or other appropriate hearing so that he may be heard in a meaningful manner at a meaningful time and be afforded due process and allowed to present his arguments and evidence orally *Goldberg v. Kelly, 397 US 254 - Supreme Court 1970 at 268.*

**RIGHT OF DUE PROCESS – RIGHT TO BE HEARD**

"The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean, 234 U. S. 385, 394 (1914).* The hearing must be "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo, 380 U. S. 545, 552 (1965).* The right to be heard has been long established in our federal constitution and through numerous Supreme Court opinions.

Just as Defendant grossly and maliciously violated Plaintiff's right of due process in the underlying litigation to this cause of action, Defendant further seeks to violate Plaintiff's right of due process and prevent his claims and causes of action from being rightfully heard.

Plaintiff is an Honorably Discharged Veteran and hearing impaired caused by his service to country. He wholeheartedly believed in our system of justice, but that belief has been shaken to its core by Defendant. It is Plaintiff's belief in our system of justice, that gives him strength to pursue fairness until he exhausts every form of redress to which he is entitled

As an elite Reconnaissance Marine, Plaintiff endured the most arduous of hardships in the most extreme environments of the globe. The hardships Plaintiff gladly endured in service to country, pale in comparison to the emotional distress Plaintiff has suffered as a result of not

7

being heard in the courts of the country he gave service to. Although Plaintiff has suffered great injustice as a result of not being fairly heard by the courts, Plaintiff ultimately still believes in our system of justice. Plaintiff respectfully begs this Honorable Court to right the wrongs Plaintiff has suffered, and allow his case to be properly heard.

At all times, despite judicial reprisals and repeated civil rights violations by Defendant, Plaintiff has remained absolutely respectful in Defendant's Court out of respect for the judiciary. It is evidenced throughout the multiple transcripts that Plaintiff maintained a professional and respectful demeanor despite malicious treatment by Defendant. Plaintiff begs this Honorable Court to re-affirm Plaintiff's belief in our system of justice and right the wrongs he has suffered.

Plaintiff is a good hard-working man who willingly gave eight years of honorable service to his country. After his service to country, Plaintiff completed his undergraduate studies in just two and one-half years and graduated cum laude, evidencing his commitment to hard work. Plaintiff is a Certified Public Accountant who passed all parts of the CPA Exam on his first attempt, further evidencing his commitment to hard work. Plaintiff was deprived of his property and life's work through violations of his civil rights by Defendant, and Plaintiff has suffered greatly emotionally and financially.

As a citizen of the United States of America who willingly gave service to his country and as a citizen who has given service to industry and society, Plaintiff deserves to be heard, not only as a right guaranteed by our federal constitution but as a right he has earned. This Court should know, when a Citizen swears an oath to defend the Constitution against enemies foreign and domestic, and joins the military, such a Citizen willingly relinquishes his rights guaranteed

8

by the Constitution. When a Citizen joins the military, he or she relinquishes their rights to life, liberty and the pursuit of happiness. For example, it is a crime under the Uniform Code of Military Justice to refuse orders, even knowing those orders will most certainly result in a loss of life. It is a crime under the Uniform Code of Military Justice, Art. 134 to exercise freedom of speech and speak out against the Commander in Chief.

As a military service member, Plaintiff swore an oath to defend the Constitution against enemies foreign and domestic. Plaintiff's oath did not go away when his active service ended, and it is that oath Plaintiff still honors today. In this cause of action, Plaintiff is not only fighting for enforcement of his own Constitutional rights, but he is fighting for the constitutional rights of those who come after him and stand before the Defendant in future cases. In Plaintiff's Amended Complaint, prayers for relief, Plaintiff prays upon the court, *"Issue injunctive relief commanding Defendant to recognize and enforce the constitutional rights of citizens subject to his jurisdiction"* (Docket Entry 6, p. 38, ¶ 4).

Plaintiff begs the mercy of this Honorable Court to ensure he is fairly heard. Plaintiff's pleadings, responses, memorandums and motions filed in this case, show beyond any doubt that Plaintiff has valid causes of action and claims. Plaintiff's pleadings, responses, memorandums and motions filed in this case, show beyond any doubt that Defendant's assertions of Rooker-Feldman Doctrine, Judicial Immunity, and protections provided by the Eleventh Amendment and Statute of Limitations are failed and false defenses.

9

Plaintiff begs this Honorable Court to deny Defendant's Motion to Dismiss with prejudice or in the alternative set a date certain for an evidential or other appropriate hearing so that Plaintiff can properly present his evidence and arguments orally.

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
John.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and via First Class US Mail, postage prepaid to;

Joseph Ahillen, BPR # 028378
Assistant Attorney General
Civil Rights and Claims Division
Office of the Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207

On this the 17th day of January, 2017

John Anthony Gentry, CPA

# Oath

**State of Tennessee** )
**County of** Maury )

      I, John Anthony Gentry, after being first duly sworn according to law, do hereby make oath and affirm that all statements included in PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION AND MOTION TO STRIKE, are true and correct to the best of my knowledge, information and belief

                                                         John Anthony Gentry

Sworn to and subscribed before me, this
the 17 day of January, 2017

Notary Public Karen Peters

My Commission Expires 5/22/2019