FILED
2017 JAN 17 PM 12: 57
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY,<br>Plaintiff | )<br>)<br>) CASE NO. 3:16-cv-02617 |
| vs. | ) Judge Trauger/Brown<br>) |
| THE HONORABLE JUDGE<br>JOE H THOMPSON<br>CIRCUIT COURT JUDGE<br>Defendant | )<br>) JURY DEMANDED (12)<br>)<br>) |

**PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SET EVIDENTIAL OR OTHER APPROPRIATE HEARING AND SECOND MOTION TO SET**

Plaintiff, John Anthony Gentry, submits this response and objection in opposition to *"Defendant's Response in Opposition to Plaintiff's Motion To Set Evidential or Other Appropriate Hearing"*.

Through citation of Fed. R. Civ. P., U.S.C and an abundance of U.S. District and Appellate Courts and U.S. Supreme Court opinions, Plaintiff has proven beyond a doubt, that Defendant's claims for dismissal based on the Rooker-Feldman Doctrine, judicial immunity, statute of limitations and the Eleventh Amendment are failed and false arguments. (See Docket Entries 17 & 21)

Defendant now misinterprets U.S. District Court for the Middle District of Tennessee Local Rule 78.01 and incorrectly suggests an oral hearing is not necessary. To support this false and incorrect misinterpretation of Local Rule 78.01, Defendant cites and misrepresents the opinions of other U.S. District Courts.

1

In its entirety, Local Rule 78.01 states;

> There shall be no motion day. All motions shall be in writing and shall be decided by the Court without oral hearings unless otherwise ordered by the Court. **If any attorney feels that oral argument is particularly desirable on a given motion, he may accompany the motion with a separate written motion so requesting and stating the reasons justifying a hearing.**

As noted in the complete citation of this rule, Defendant attempted to mislead this Honorable Court and intentionally omitted the portion of the rule which plainly states oral arguments may be requested by *"a separate written motion so requesting and stating the reasons justifying a hearing"*. Plaintiff exactly adhered to this rule in a separate written motion to set a hearing and stated reasons obviously justifying a hearing. (See Docket Entry 22).

Defendant incorrectly references the opinion of the 6th Circuit case Dyer v. Intera Corp., 870 F. 2d 1063, 1066 which was a claim dismissed based on res judicata and collateral estoppel. This case citation is wholly inapplicable and a waste of the Court's time to consider.

Defendant then misrepresents the opinion of U.S. District Court, Western Division of Tennessee in the *Dillard v Suarez Serrano, No. 12-2182-STA-DKV, 2013 WL 12043557* case. Proper analysis of this case shows the following statements in that court's opinion.

> **In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6)**, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007). "**Accepting all well-pleaded allegations in the complaint as true, the Court `consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.**'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in

original). **"[P]leadings that . . . are no more than conclusions [] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."** Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. **Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.**").

The Western Division Court further went on to state in its opinion;

> **"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed."** Williams, 631 F.3d at 383 (internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (**"[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading"**) (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, **"[n]either this court nor the district court is required to create Payne's claim for her"**).
>
> **In its Motion to Dismiss, HSBC argues that the Complaint must be dismissed pursuant to Rule 12(b)(6) because it does not allege any discernible claim against it.** (ECF No. 31-1 at 9-10.) That argument is well taken.

So now, with a more comprehensive understanding of the W.D. Court's opinion in the Dillard case, the same logic should be applied to the present case. Plaintiff believes this court will find that Plaintiff's pleadings are as well prepared, well-argued and substantiated in law and precedence, and meet as high a standard as any formal pleading prepared by a practicing attorney.

In Plaintiff's Amended Complaint (Docket Entry 6), Plaintiff plainly stated factual allegations (which remain un-denied and are undeniable) that establish beyond any doubt

3

Plaintiff's claims and causes of action (See Docket Entry 6, pp. 9 – 37). Plaintiff clearly showed a cause of action defined under U.S.C., Title 42 § 1983 (See Docket Entry 6, p. 4 ¶ 11). Plaintiff's Amended Complaint plainly demonstrated federal case law precedence supporting his cause of action (See Docket Entry 6, pp. 5, 7, 8, and 15).

Since Plaintiff plainly satisfied the requirements of alleging a discernible claim, the Court should refer back to a motion to dismiss as provided for in Fed. R. Civ. P. Rule 12(b)(6) and Rule 12(d). As stated in Plaintiff's Objection to the Magistrate's Report and Recommendation (Docket Entry 21);

> **Magistrate Judge Brown correctly cited Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir.2008) and that motions to dismiss on the pleadings under Fed. R. Civ. P. 12(c) are reviewed *de novo* and the standard of review is the same as for a motion under Rule 12(b)(6) for failure to state a claim.**

Pursuant to Fed. R. Civ. P. 12(d), all parties must be given a reasonable opportunity to present all material that is pertinent to the motion. Specifically, Fed. R. Civ. P. 12(d) states;

> (d) Result of Presenting Matters Outside the Pleadings. If, **on a motion under Rule 12(b)(6)** or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. **All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.**

4

Pursuant to Rule 72, Notes of Advisory Committee on Rules – 1983, which states;

> Implementing the statutory requirements, **the rule requires the district judge to whom the case is assigned to make a de novo determination of those portions of the report, findings, or recommendations to which timely objection is made. The term "de novo" signifies that the magistrate's findings are not protected by the clearly erroneous doctrine**, but does not indicate that a second evidentiary hearing is required. See *United States v. Raddatz*, 417 U.S. 667 (1980). See also Silberman, *Masters and Magistrates Part II: The American Analogue*, 50 N.Y.U. L.Rev. 1297, 1367 (1975).

Accordingly, this Honorable Court should conduct a de novo review of Plaintiff's pleadings, memorandums, motions and responses.

Since Plaintiff properly filed a written motion to set an appropriate hearing with proper justification for such a hearing, Plaintiff again asks this Honorable Court to grant Plaintiff's Motion to Set an Evidential or other appropriate hearing.

Since Plaintiff was not granted an initial evidentiary hearing by the Magistrate Judge, Plaintiff again asks this Honorable Court to grant Plaintiff's Motion to Set an Evidential or other appropriate hearing.

Because Plaintiff has made a written motion to strike the Magistrate Judge's Report and Recommendation pursuant to Fed. R. Civ. P. Rule 12(f), because of its impertinent characterization of Plaintiff's Amended Complaint, and its disregard of facts and case law precedence, Plaintiff should be granted an evidential or other appropriate hearing so that he may be heard in a meaningful manner at a meaningful time and be afforded due process and allowed

to present his arguments and evidence orally *Goldberg v. Kelly, 397 US 254 - Supreme Court 1970 at 268.*

Respectfully submitted,

*/s/ John A Gentry*
John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
John.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and via First Class US Mail, postage prepaid to;

Joseph Ahillen, BPR # 028378
Assistant Attorney General
Civil Rights and Claims Division
Office of the Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207

On this the 17th day of January, 2017

*/s/ John Anthony Gentry*
John Anthony Gentry, CPA