UNITED STATES DISTRICY COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY GENTRY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:16-cv-2617 |
| JUDGE JOE H. THOMPSON, | ) ) | Judge Aleta A. Trauger Magistrate Judge Joe B. Brown |
| Defendant. | ) | |

## MEMORANDUM & ORDER

Pending before the court are: 1) an Objection to Magistrate Judge's Report and Recommendation and Motion to Strike, filed by the plaintiff (Docket No. 21), to which the defendant has filed a Response in opposition (Docket No. 23), and the plaintiff has filed a Reply (Docket No. 25); and 2) a Motion to Set Evidential or Other Appropriate Hearing, filed by the plaintiff (Docket No. 22), to which the defendant has filed a Response in opposition (Docket No. 24), and the plaintiff has filed a Reply (Docket No. 26). For the reasons discussed herein, the plaintiff's motions will be denied, the R&R will be accepted, and this action will be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On October 3, 2016, the *pro se* plaintiff, Mr. Gentry, filed this action against the defendant, Judge Thompson, pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging violations of the Fourteenth Amendment to the United States Constitution and seeking injunctive and declaratory relief. (Docket No. 1.) On October 6, 2016, the court issued an Order referring the case to the Magistrate Judge for "decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B) and to conduct any necessary proceedings under Rule 72(b), FED. R. CIV. P." (Docket No. 3.)

1

On October 19, 2016, Mr. Gentry filed an Amended Complaint, which is the current operative pleading, alleging that Judge Thompson, who presided over divorce proceedings between Mr. Gentry and his former wife in the Circuit Court for Sumner County, Tennessee, violated his constitutional rights during those proceedings. Specifically, the Complaint alleges that, in conducting hearings and rendering judgment on motions before the Circuit Court, Judge Thompson, among other things, exhibited bias against Mr. Gentry and in favor of Mr. Gentry's former wife, did not allowing Mr. Gentry to present argument or evidence in court, and made false statements on the record about the evidence, the filings, and the governing law. (Docket No. 6.)

On October 14, 2016, Judge Thompson filed a Motion to Dismiss, along with a Memorandum in Support. (Docket Nos. 11, 12.) Judge Thompson argued that the case should be dismissed for lack of jurisdiction under Rule 12(b)(1), on the grounds that, under the *Rooker-Feldman* doctrine, a federal court cannot review a constitutional claim that is inextricably intertwined with a state court decision in a judicial proceeding. Judge Thompson argued, in the alternative, that he has absolute immunity in his individual capacity and cannot be sued in his official capacity under the Eleventh Amendment to the United States Constitution and pursuant to Section 1983. Finally, Judge Thompson argued that the action should be dismissed for failure to state a claim under Rule 12(b)(6), on the grounds that the statute of limitations had expired for at least part of the plaintiff's claims. On November 28, 2016, Mr. Gentry filed a Response in opposition, arguing against all of the grounds raised in the Motion to Dismiss. (Docket No. 17.)

On December 28, 2016, the Magistrate Judge issued a Report and Recommendation, recommending that Judge Thompson's Motion to Dismiss be granted and this case dismissed with prejudice, both for lack of jurisdiction under *Rooker-Feldman* and, alternatively, on the

grounds that Judge Thompson has immunity for any claims against him as an individual, and the State has Eleventh Amendment immunity for any Section 1983 claims against Judge Thompson in his official capacity. (Docket No. 21 (the "R&R").)

On January 3, 2017, Mr. Gentry filed an Objection to the R&R and Motion to Strike the R&R, objecting to all of the Magistrate Judge's findings. (Docket 21.) Mr. Gentry simultaneously filed a Motion to Set Evidential or Other Appropriate Hearing. (Docket No. 22.) On January 13, 2017, Judge Thompson filed Responses in opposition to both motions (Docket Nos. 23, 24) and, on January 17, 2017, Mr. Gentry filed Replies (both titled "Response & Objection to Defendant's Response") (Docket Nos. 25, 26).

## ANALYSIS

### I. Motion to Strike

As an initial matter, Mr. Gentry has improperly moved to strike the R&R under Rule 12(f). This rule permits parties to move to strike only portions of the *pleadings* in an action, and there is no procedural mechanism for striking the Magistrate Judge's recommendations from the record. Accordingly, this motion will be denied. The only appropriate vehicle with which to challenge the Magistrate Judge's findings is through an Objection to the R&R under Rule 72(b)(2), which Mr. Gentry has properly filed. The court will now turn to that Objection.

### II. Objection to R&R

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Mr. Gentry objects to all of the Magistrate Judge's

3

findings, so the court has conducted a *de novo* review of the entire Motion to Dismiss. Pursuant to this review, and for the reasons discussed below, the court finds this action must be dismissed for lack of jurisdiction under *Rooker-Feldman*, as recommended by the Magistrate Judge.[1]

In two seminal opinions for which the *Rooker-Feldman* doctrine is named, the Supreme Court has held that lower federal courts may not review the findings of state court judges, and the only appropriate vehicle for such review is through the state appellate courts or, if necessary, the United States Supreme Court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 286 n. 1 (holding that, under *Feldman*, "a district court could not entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack was inextricably intertwined with the state court's judgment"). The Sixth Circuit has explained that this doctrine applies not only when a party attempts to expressly appeal a state court decision to a lower federal court, but also whenever the issues raised in the federal action implicate the validity of the state court proceedings. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2007) ("The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source

---

[1] The court notes that, in addition to objecting to the substantive findings by the Magistrate Judge, Mr. Gentry also objects to the fact that the Magistrate Judge, according to Mr. Gentry, mischaracterized and unfairly ridiculed the allegations in the Complaint. There is no legal authority to suggest that these are proper bases for objecting to the R&R and, in any event, the court, finds, upon *de novo* review, that the Magistrate Judge's legal findings with respect to the applicability of the *Rooker-Feldman* doctrine are correct and the case should properly be dismissed. Accordingly, the court need not address these arguments.

Similarly, Mr. Gentry objects to the fact that the Magistrate Judge did not conduct an evidentiary hearing prior to issuing the R&R, citing language in Rule 72 requiring the Magistrate Judge to "hear" a dispositive motion. This language, however, does not require the Magistrate Judge to hold oral argument, nor to review factual evidence when the issues can be properly decided on the papers as a matter of law. Accordingly, this objection also provides no basis for rejecting the Magistrate Judge's recommendation.

4

of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.") (citing *Exxon*, 544 U.S. 280). The Sixth Circuit has further held that the *Rooker-Feldman* doctrine applies equally to claims for equitable relief. *See Lawrence v. Welch*, 531 F.3d 364, 71-72 (6th Cir. 2008) ("claims seeking injunctive relief are barred by *Rooker-Feldman* if they necessarily require the federal court to determine that a state court judgment was erroneously entered").

    Here, while Mr. Gentry is not directly appealing Judge Thompson's rulings, he is certainly raising claims that implicate the validity of the proceedings before Judge Thompson; indeed, if the court were to find that Judge Thompson acted in error in the state court proceedings, this would necessarily call into question the rulings made in that case. Mr. Gentry argues that he is not challenging the actual rulings of the Circuit Court, but only the *process*, ignoring that these things are inextricably intertwined. Indeed, the source of the injury to Mr. Gentry in this action is the alleged improper rulings in the divorce proceedings before Judge Thompson. Accordingly, the only proper mechanism for relief is an appellate challenge in state court, which Mr. Gentry has indicated in his briefings is currently ongoing.

    Mr. Gentry attempts to rely on the fact that a state court appeal is ongoing to suggest that *Rooker-Feldman* should not apply here, because he is not challenging a *final* state court judgment. Mr. Gentry homes in on *Exxon's* holding that *Rooker-Feldman* "is confined to cases of the kind from which it acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced." *Exxon*, 544 U.S. at 281. *Exxon*, however, does not suggest that the scope of *Rooker-Feldman* is limited to challenges to *final* judgments only. The holding in *Exxon* merely

5

distinguishes cases where *Rooker-Feldman* is invoked to challenge the federal court's *concurrent jurisdiction* over claims being simultaneously pursued in state court, but where the underlying challenge is not to the actions of the state court itself. *Id*. In those instances, *Exxon* holds that *Rooker-Feldman* does not apply, despite the fact that the exercise of federal jurisdiction might lead to a federal holding that undermines the validity of a future state court judgment. *Id*.

The court finds that the best reading of the *Rooker-Feldman* doctrine under *Exxon* is that it applies with equal force to federal claims that attempt to challenge nondispositive orders in the state court as to claims challenging final state court judgments. In either case, an appeal within the state court system is the sole mechanism for the challenge. The court is not swayed by any findings to the contrary in the Eastern District of Michigan's holding in *Kircher v. Charter Twp. of Ypsilanti*, which is not binding on this court. No. 07-13091, 2007 WL 4570076 (E.D. Mich. Dec. 21, 2007). Nor does the court find any significance in use of the term "final judgment" in *Hutcherson v. Lauderdale Cnty, Tennessee*, 326 F.3d 747, (6th Cir. 2003), cited by the plaintiff. *Hutcherson* pre-dates *Exxon* and states only that *Rooker-Feldman* denies jurisdiction over challenges to final judgments (not that it permits review of other nondispositive or non-final state court rulings). 326 F.3d 747, 755 (6th Cir. 2003).

Finally, Mr. Gentry argues that applying *Rooker-Feldman* to this action would implicate all Section 1983 claims against judicial officers based on their behavior in presiding over state court proceedings. While there may be some instances where a judge's conduct violates a principal of due process or equal protection under the Fourteenth Amendment such that injunctive relief may be appropriate, no such claim is actually brought here. While Mr. Gentry has brought claims for violation of his constitutional rights, he has neither alleged that he is a member of a protected class denied equal protection of the law nor that he has been deprived of

liberty or property in violation of the law, other than in the disposition of marital assets in his divorce proceeding, a decision that Judge Thompson had to make within the course of presiding over that domestic action – not an independent action taken against the plaintiff. Moreover, the Sixth Circuit has held that even a "specific grievance that the law was invalidly – even unconstitutionally – applied in the plaintiff's particular case . . . would raise a *Rooker-Feldman* bar." *Hutcherson*, 326 F.3d at 756.

As a result, under *Rooker-Feldman*, the court does not have jurisdiction to hear this action and it must be dismissed. The court need not reach the question of judicial immunity.[2]

## II.    Motion for Evidentiary Hearing

Mr. Gentry has asked for an evidentiary hearing without specifying the evidence he wishes to present. Because this case must be dismissed as a matter of law, there is no need for the court to review any factual evidence, nor is there any additional evidence that would impact the court's determination. Moreover, it is within the court's broad discretion to deny a request for oral argument. See M.D. Tenn. R. (Local Rules) 72.03(b)(3). Accordingly, Mr. Gentry's Motion for an Evidentiary Hearing will be denied.

## CONCLUSION

For the foregoing reasons, the plaintiff's motions are **DENIED**. The Magistrate Judge's Report and Recommendation is **ACCEPTED**, the defendant's Motion to Dismiss is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

Entry of this Order shall constitute judgment in this case.

---

[2] The court notes, however, that the R&R discusses immunity for Section 1983 claims (both in the individual and official capacities) by citing cases that address immunity for claims seeking *damages*. Mr. Gentry, to the contrary, seeks only equitable relief, and it is, therefore, unclear whether these grounds for dismissal would be appropriate upon *de novo* review. Nevertheless, because the court is dismissing this action for lack of jurisdiction under *Rooker-Feldman*, it will not reach these issues.

7

It is so **ORDERED**.

Enter this 26th day of January 2017.

_____
ALETA A. TRAUGER
United States District Judge