IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY,<br>Plaintiff | )<br>)<br>) |
| vs. | ) CASE NO. 3:16-cv-02617<br>) Judge Trauger/Brown<br>) |
| THE HONORABLE JUDGE<br>JOE H THOMPSON<br>CIRCUIT COURT JUDGE<br>Defendant | )<br>) JURY DEMANDED (12)<br>)<br>)<br>) |

## MEMORANDUM OF LAW SUPPORTING PLAINTIFF'S MOTION TO ALTER JANUARY 26, 2017 MEMORANDUM & ORDER AND REQUEST FOR LEAVE TO AMEND

Pursuant to Fed. R. Civ. P. Rule 59 (e), Plaintiff hereby respectfully moves this Honorable Court to Alter or Amend the Order dated January 26, 2017, for good cause. This memorandum of law is presented to the Court pursuant to Local Rule 7.01, and accompanies *Plaintiff's Motion To Alter January 26, 2017 Memorandum & Order and Request for Leave to Amend.*

Pursuant to Fed. R. Civ. P. Rule 59 (e) as amended, "A motion to alter or amend a judgement must be filed no later than 28 days after the entry of judgement". This Court's Memorandum & Order was entered into the record on January 26, 2017. Plaintiff's Motion to Alter or Amend and accompanying Memorandum of Law are properly filed on February 6, 2017, only eleven days after entry of the Court's Order. Therefore, Plaintiff's Motion to Alter or Amend and accompanying memorandum of law are filed timely.

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. 2
STANDARD OF REVIEW ............................................................................................... 3
REQUEST FOR LEAVE TO AMEND ............................................................................ 4
ROOKER FELDMAN DOCTRINE DOES NOT BAR JURISDICTION ...................... 6
ERROR IN ASSESSING ELEMENTS NECESSARY FOR U.S.C. 42 § 1983 COMPLAINT 13
MOTION TO STRIKE SHOULD BE ADDRESSED AND GRANTED ................... 15

# TABLE OF AUTHORITIES

**Cases**

Armstrong v. Manzo, 380 U. S. 545, 552 (1965) .......................................................... 5
Armstrong v. Manzo, 380 US 545 - Supreme Court 1965 ......................................... 15
Atascadero State Hospital v. Scanlon, 473 US 234 - Supreme Court 1985 ............... 9
Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 US 280 - Supreme Court 2005 ........... 7
Federal Deposit Ins. Corp. v. Butcher, 660 F. Supp. 1274 - Dist. Court, ED Tennessee (1987) 16
Fitzpatrick v. Bitzer, 427 US 445 - Supreme Court 1976 ........................................... 8
Foman v. Davis, 371 US 178 - Supreme Court 1962 .................................................. 5
*GenCorp, Inc. v. American Intern. Underwriters, 178 F. 3d 804 – (6th Cir. 1998)* ............ 3
*Huff v. Metropolitan Life Ins. Co., 675 F. 2d 119 – (6th Cir. 1982)* ............................... 3
*Kottmyer v. Maas, 436 F. 3d 684 - Court of Appeals, (6th Cir. 2006)* ........................... 4
Mathews v. Eldridge, 424 US 319 - Supreme Court 1976 .......................................... 4
*Moccio v. New York State Office of Court Admin., 95 F. 3d (1996)* ............................. 9
Parratt v. Taylor, 451 US 527 - Supreme Court (1981) ............................................. 13
Parratt v. Taylor, 451 US 527 - Supreme Court 1981 ............................................... 13
Robertson v. Lucas, 753 F. 3d 606 - Court of Appeals, 6th Circuit (2014) .............. 14
Robertson v. Lucas, 753 F. 3d 606 - Court of Appeals, 6th Circuit 2014 ................. 14
*Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F. 3d 367 – (6th Cir. 1998)* ....... 3

As this Honorable Court knows, a Rule 59 (e) motion to alter or amend must clearly establish either a manifest error of law or fact. Plaintiff respectfully asserts the Court errored in; (1) relying on the Rooker-Feldman Doctrine that precludes jurisdiction of this court, (2) asserting that denial of equal protection or deprivation of liberty or property in violation of the law are necessary elements to a 42 U.S.C. § 1983 cause of action and claim, (3) in assessing the facts of Plaintiff's Amended Complaint, and (4) in stating the "only appropriate vehicle" with which to challenge a R&R is under Fed. R. Civ. P. Rule 72(b)(2).

## STANDARD OF REVIEW

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). A motion under Rule 59(e) is not an opportunity to re-argue a case, Rule 59(e) motions are aimed at re consideration, not initial consideration. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F. 3d 367 – (6th Cir. 1998). citing, FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992).* **Motions to alter or amend judgment may be granted if there is a clear error of law.** *GenCorp, Inc. v. American Intern. Underwriters, 178 F. 3d 804 – (6th Cir. 1998), citing Sault Ste. Marie Tribe, 146 F.3d at 374.* **Rule 59(e) may be utilized in timely attempts to vacate judgment.** *Huff v. Metropolitan Life Ins. Co., 675 F. 2d 119 – (6th Cir. 1982) citing Foman v. Davis, 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962).* **The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse.** *Huff v. Metropolitan (supra) citing United States Labor Party v. Oremus, 619 F.2d 683, 692 (7th Cir. 1980).*

3

## REQUEST FOR LEAVE TO AMEND

In the case, *Kottmyer v. Maas, 436 F. 3d 684 - Court of Appeals, (6th Cir. 2006)*, the 6th District Court of Appeals stated;

> Under Federal Rule of Civil Procedure 15(a), a district court should freely grant a plaintiff leave to amend a complaint "**when justice so requires.**" Fed. R. Civ. Pro. 15(a) (at 692).

Surely after de novo review of Plaintiff's Amended Complaint, this Court must recognize that Plaintiff's right of due process was grossly and repeatedly violated and certainly this Court desires to ensure that all Citizen's rights guaranteed by U.S. Constitution, are enforced. The facts in Plaintiff's Complaint are undeniable and irrefutable violations of Plaintiff's right of due process. Lack of enforcement of rights guaranteed in the U.S. Constitution invites corruption of the courts, and returns us to the same injustices suffered under the Courts of the Crown in Old England. Those injustices suffered under the Crown are what caused our founding fathers to define and protect our rights in our federal constitution. Surely this court does not desire to turn back the clock, and only dismissed this case based upon the appearance of lack of jurisdiction and failure to state a claim, both of which are easily reparable errors.

In the U.S. Supreme Court case, Mathews v. Eldridge, 424 US 319 - Supreme Court 1976, our Supreme Court stated;

> The "**right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society.**" Joint Anti-Fascist Comm. v. McGrath, 341 U. S. 123, 168 (1951) (Frankfurter, J., concurring). The fundamental requirement of due process is the

4

opportunity to be heard "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U. S. 545, 552 (1965). (at 333)

Until one suffers a "grievous loss" as Plaintiff did while being denied his right to be heard, the pain of emotional turmoil, mental anguish and financial hardship cannot fully be understood or appreciated. Plaintiff is an Honorably Discharged Veteran and hearing impaired caused by his service to country and wholeheartedly believes in our system of justice. It is Plaintiff's belief in our system of justice, that gives him strength to pursue fairness until he exhausts every form of redress to which he is entitled.

As an elite Reconnaissance Marine, Plaintiff endured the most arduous of hardships in the most extreme environments of the globe. The hardships Plaintiff gladly endured in service to country, pale in comparison to the emotional distress Plaintiff has suffered as a result of not being heard in the courts of the country to which he gave service. Although Plaintiff has suffered great injustice as a result of not being fairly heard by the courts, Plaintiff ultimately still believes in our system of justice. Plaintiff begs this Honorable Court, that in light of the facts of the case, that **justice requires Plaintiff's request for leave to amend be granted**.

In the Supreme Court case, Foman v. Davis, 371 US 178 - Supreme Court 1962, the Supreme Court stated;

> **Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded.** See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. **If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive** on the part

of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—**the leave sought should, as the rules require, be "freely given."** Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, **but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.** (at 182)

As argued below and with supporting authorities, there are three merits upon which to grant leave to amend and which are easily curable. First, Plaintiff respectfully asserts the Court erred in relying on Defendant's assertion that the Rooker-Feldman Doctrine bars jurisdiction in this matter. Second, any defects in Plaintiff's complaint are easily curable and the Court should grant leave to amend to ensure justice is served. Third, Plaintiff respectfully asserts the Court was mistaken in asserting that *"While Mr. Gentry has brought a claims (*claim *sic) for violation of his constitutional rights, he has neither alleged that he is a member of a protected class denied equal protection of the law nor that he has been deprived of liberty or property or in violation of the law...".* Plaintiff respectfully asserts the court's assessment is in error that § 1983 requires that either a complainant be a member of a protected class, or that the complainant must be deprived of liberty. See Plaintiff's arguments below.

## ROOKER FELDMAN DOCTRINE DOES NOT BAR JURISDICTION

Meaning no disrespect to this Honorable Court, Plaintiff respectfully asserts the Court is in error in its reliance on the Rooker-Feldman Doctrine as barring jurisdiction from Plaintiff's claim and causes of action. Plaintiff asserts the court is in error for several errors as follows;

6

As evidenced in the below opinion and analysis; (1) the **Supreme Court stated Rooker-Feldman is being misconstrued by lower District Courts**, (2) the **Supreme Court stated Rooker-Feldman <u>does not augment</u> the circumscribed <u>doctrines that allow federal courts to stay or dismiss proceedings of state courts</u>**, (3) the Supreme Court has further plainly stated Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of **injuries <u>caused by state-court judgements rendered before</u>** the district court proceedings commenced…" (4) **the language of § 1983, explicitly states judges are liable to suit**, (5) federal courts have the authority to enforce the guarantees of the fourteenth amendment, (6) **this case is not inextricably intertwined with state court proceedings**, (7) the **Eleventh amendment does not supersede the fourteenth amendment**, (8) according to simple logic, **if a constitutional amendment like the Eleventh Amendment cannot supersede the Fourteenth Amendment, then neither can a mere misconstrued doctrine and opinions from 1923 and 1983 supersede Fourteenth Amendment rights either.** The legal argument and logic of this argument is irrefutable. Accordingly, Plaintiff respectfully asserts that this Court's Opinion and Order are in error in relinquishing federal jurisdiction under the Rooker-Feldman doctrine. Plaintiff establishes and proves these assertions as follows;

The Supreme Court stated in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 US 280 - Supreme Court 2005;

> Variously interpreted in the lower courts, **the doctrine has sometimes been construed to extend far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts,**

> **and superseding the ordinary application of preclusion law pursuant to 28 U. S. C. § 1738**. See, e. g., Moccio v. New York State Office of Court Admin., 95 F. 3d (at 195, 199-200). (at 283)

As evidenced above, The Supreme Court plainly recognizes that States and lower District Courts are construing Rooker-Feldman far beyond the intent of the underlying opinions in those cases. In the Exxon case, the court plainly stated **the Rooker-Feldman Doctrine does not otherwise** override, supplant, or **augment <u>the circumscribed doctrines that allow federal courts to stay or dismiss proceedings</u> in deference to state-court actions**. So plainly federal courts have jurisdiction to dismiss state court proceedings which is exactly one of the claims for relief Plaintiff desires. The Supreme Court specifically stated in the Exxon case as follows;

> **The Rooker-Feldman doctrine, <u>we hold today</u>, is confined to cases of the kind from which the doctrine acquired its name**: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. **Rooker-Feldman <u>does not</u> otherwise override or supplant** preclusion doctrine or **<u>augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions</u>**. (at 284)

The Supreme Court could not have been more clear; *"We hold today... Rooker-Feldman does not... ...augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions"*. The Supreme Court of the United States plainly stated federal courts have jurisdiction to stay or dismiss proceedings of state-court actions.

In the case, Fitzpatrick v. Bitzer, 427 US 445 - Supreme Court 1976, the Supreme Court stated;

8

> The principal question presented by these cases is whether, as against the shield of sovereign immunity afforded the State by the Eleventh Amendment, Edelman v. Jordan, 415 U. S. 651 (1974), **Congress has the power to authorize federal courts to enter such an award against the State as a means of enforcing the substantive guarantees of the Fourteenth Amendment.** The Court of Appeals for the Second Circuit held that the effect of our decision in Edelman was to foreclose Congress' power.

In the case, Atascadero State Hospital v. Scanlon, 473 US 234 - Supreme Court 1985 In this case, the Supreme Court stated;

> Moreover, the **Eleventh Amendment is "necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment,"** that is, by Congress' power "**to enforce,** by appropriate legislation, the **substantive provisions of the Fourteenth Amendment.**" Fitzpatrick v. Bitzer, 427 U. S. 445, 456 (1976). As a result, when acting pursuant to § 5 of the Fourteenth Amendment, **Congress can abrogate the Eleventh Amendment without the States' consent.**

By the same principles in the Fitzpatrick and Atascadero cases, the Rooker-Feldman Doctrine cannot supersede the provisions of the Fourteenth Amendment of the U.S. Constitution. Certainly, if the Eleventh Amendment, a ratified amendment to our federal constitution, cannot supersede the Fourteenth Amendment, then certainly a doctrine that is not part of our constitution cannot supersede the Fourteenth Amendment either. This logic is irrefutable and undeniable.

Moreover, although further argument should not be necessary, in the Exxon case, the Supreme Court referred to the 2nd Circuit Court of Appeals case, *Moccio v. New York State Office of Court Admin., 95 F. 3d (1996), No. No. 1024, Docket 95-7826*, as support of its opinion that the lower District Courts have been misconstruing the Rooker-Feldman Doctrine. While this Court states, another District Court's Opinion is not binding on this Honorable Court, Plaintiff respectfully suggests that if the Moccio case, was respected enough by the Supreme Court to cite,

9

then perhaps it is a case worthy of this Court's consideration also. In Moccio, the 2nd Circuit Court of Appeals stated;

> Since Feldman, the Supreme Court has provided us with **little guidance in determining which claims are "inextricably intertwined"** with a prior state court judgment and which are not. But see Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 24-26, 107 S.Ct. 1519, 1530, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring) (applying Rooker-Feldman). **The result has been inconsistency in the lower federal courts faced with challenges based upon the Rooker-Feldman doctrine.** See Gary Thompson, Note, The Rooker-Feldman Doctrine & the Subject Matter Jurisdiction of Federal District Courts, 42 Rutgers L.Rev. 859, 880-84 (1990). If the precise 199*199 claims raised in a state court proceeding are raised in the subsequent federal proceeding, Rooker-Feldman plainly will bar the action. **On the other hand, we have held that where the claims were never presented in the state court proceedings and the plaintiff did not have an opportunity to present the claims in those proceedings, the claims are not "inextricably intertwined" <u>and therefore not barred by Rooker-Feldman</u>**. Texaco, 784 F.2d at 1144-45. (at 199)

In the present matter before this Court, the facts show that Plaintiff was not allowed to present arguments and repeatedly not even allowed to speak. So of course, Plaintiff in this matter did not have an opportunity to present his claims of due process violations in state court proceedings and therefore his cause of action is not barred. In Moccio, the 2nd Circuit Court of Appeals went on to state;

> The specific question we must answer, therefore, **is whether Moccio, having failed to raise these constitutional claims in the state court proceeding where he was afforded the opportunity to do so, is barred by the *Rooker-Feldman* doctrine from raising the claims in the district court.** (at 199)
>
> Commentators have generally taken the view that the Rooker-Feldman doctrine is at least **coextensive with the principles of res judicata** ("claim preclusion") **and collateral estoppel** ("issue preclusion"). One set

10

of commentators, for instance, has noted that the effect of the Rooker-Feldman doctrine has been to "transform[] res judicata [and collateral estoppel] doctrine[s] into [rules] that lower federal courts lack jurisdiction to review state courts." 18 Wright, Miller & Cooper, Federal Practice & Procedure § 4469, at 663-64 (1981) (at 199)

As this Court certainly knows, in order for res to apply, the claims must be for the same causes of action and collateral estoppel falls under the preclusion doctrine that litigants are not allowed to re-litigate the same issues. Plaintiff's cause of action in this case is for violations of Plaintiff's right of due process, entirely separate from a complaint for divorce and res does not apply. Pertaining to re-litigation and preclusion theory, neither does Plaintiff seek to re-litigate his divorce proceedings in federal court. Plaintiff seeks only the federal court's enforcement of Plaintiff's right of due process guaranteed by the fourteenth amendment.

In Moccio, the 2nd Circuit Court of Appeals further states;

> Moccio's second federal cause of action, which states that "[b]y failing to treat him like similarly-situated persons and by subjecting him to such harsh sanction ... [the OCA] violated the equal protection clause of the Fourteenth Amendment," fares no better under *Rooker-Feldman*. Complaint at 4. Moccio does not allege that the OCA's classification of him was along suspect lines, **nor does he allege that any of his fundamental rights have been impaired**. (at 201)

As stated below, intuitively, Plaintiff was denied equal protection and most certainly his fundamental rights were impaired and repeatedly so.

> **As long as there is any reasonably conceivable state of facts** that could provide the rational basis for the OCA's decision, **it will not violate the Equal Protection Clause**. (at 201)

11

Again, as stated below, Plaintiff easily demonstrates his is a protected class and his right of Equal Protection was plainly violated. In Moccio, the 2nd Circuit Court of Appeals further states;

> **The second prong of the collateral estoppel test — whether Moccio had a full and fair opportunity to litigate in the Article 78 proceeding the issues he now raises** — is also met as to both of his federal causes of action. **The burden to show the absence of such a full and fair opportunity rests with Moccio.** (at 201)

The facts already stated in Plaintiff's Amended Complaint already show the absence of a full and fair opportunity to litigate not only the underlying litigation but also gross repeated violations of Plaintiff's right of due process. Still further in Moccio, the 2nd Circuit Court of Appeals further states;

> **Moccio was a full participant, was represented by counsel, and had the opportunity to present evidence in the Article 78 proceeding.** Moccio argues that he nonetheless was denied a full and fair opportunity to litigate these issues because there is a general rule of no discovery in a state agency disciplinary hearing and that, therefore, he was unable to produce documentary evidence to demonstrate that he was treated differently than similarly-situated officers.

The facts already stated in Plaintiff's Amended Complaint show, as a result of violations of Plaintiff's right of due process, Plaintiff was forced to represent himself as involuntary pro se and he was repeatedly denied a full and fair opportunity to litigate.

Accordingly, no matter how you look at this case, the Rooker-Feldman Doctrine is not applicable to the present matter before this Court, and jurisdiction of this Honorable Court is not barred under this sometimes misconstrued doctrine. Plaintiff intends no disrespect to this

12

Honorable Court, but this Court's Order dismissing Plaintiff's Complaint is in error. Plaintiff begs this Court to reconsider and reverse its Order dismissing Plaintiff's Complaint.

## ERROR IN ASSESSING ELEMENTS NECESSARY FOR U.S.C. 42 § 1983 COMPLAINT

U.S.C 42 §1983 states as follows;

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

As noted in the language of U.S.C. 42 § 1983, it is not necessary that the offended be a member of a protected class nor deprived of liberty or property. § 1983 simply states every person who under color law, subjects or causes any Citizen to be deprived of any rights, privileges or immunities guaranteed by the Constitution and laws shall be liable to the injured party in an action at law. Meaning no disrespect, the District Court Judge further does not provide any supporting authority for the Court's assertion in this regard. To the contrary, in Parratt v. Taylor, 451 US 527 - Supreme Court (1981), the Supreme Court stated;

> Both Baker v. McCollan and Monroe v. Pape suggest that § 1983 affords a "civil remedy" for deprivations of federally protected rights caused by

13

> persons acting under color of state law without any express requirement of a particular state of mind. Accordingly, **in any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States**. (at 535)

As Plaintiff asserts, and as the Supreme Court agrees, only two elements are essential to a U.S.C. 42 §1983 complaint; acting under color of law, and deprivation of rights, privileges, or immunities secured in the Constitution or laws of the United States.

In a more recent case, Robertson v. Lucas, 753 F. 3d 606 - Court of Appeals, 6th Circuit (2014), the 6th District Court concurred and reaffirmed the Supreme Court's position and stated;

> Appellants asserted numerous claims under 42 U.S.C. § 1983 and Bivens, 403 U.S. at 392, 91 S.Ct. 1999. We review Bivens and § 1983 actions under the same legal principles, except for the requirement of federal action under Bivens and state action under § 1983. **A plaintiff must prove two elements to prevail on either type of claim: (1) that he or she was deprived of a right secured by the Constitution** or laws of the United States; and (2) that **the deprivation was caused by a person acting under color of law**. Bivens, 403 U.S. at 392, 91 S.Ct. 1999; Marcilis v. Twp. of Redford, 693 F.3d 589, 595 (6th Cir.2012); Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir.2001). (at 614)

Based on the above clear precedence in the matter, and the fact that this Honorable Court did not cite any contrary precedence, the assertion that Plaintiff must be a member of a protected class, or must have been deprived of liberty or property appears to be an assertion in error. Regardless, if Plaintiff is properly granted leave to amend, Plaintiff can easily satisfy these two elements with very simple arguments.

14

Plaintiff most definitely is a member of a protected class. Plaintiff is a litigant. All litigants are a protected class in that they are protected by the U.S. Constitution which guarantees a right of due process which includes a right to be heard. Again, in the case, Armstrong v. Manzo, 380 US 545 - Supreme Court 1965, the United States Supreme Court stated;

> A fundamental requirement of due process is "the opportunity to be heard." Grannis v. Ordean, 234 U. S. 385, 394. **It is an opportunity which must be granted** at a meaningful time and **in a meaningful manner**.

Perhaps, since this argument is so intuitive, so simple, Plaintiff need not amend in this particular regard to show that he is a member of a protected class.

Plaintiff can easily further amend his complaint to show that he was denied liberty **and** property. The facts in Plaintiff's Amended Complaint already show this to be true. In Defendant denying Plaintiff's right to be heard, Plaintiff was denied his right and liberty to present evidence, oral testimony and oral arguments. The facts show Plaintiff was wrongfully denied income from a business and patent pending product that Plaintiff made successful. In wrongfully being denied these things, Plaintiff was denied liberty and pursuit of happiness which are inalienable rights. Plaintiff can easily amend his complaint to prove these facts true if properly granted leave to amend.

## MOTION TO STRIKE SHOULD BE ADDRESSED AND GRANTED

In a footnote this Honorable Court's Order, the Court stated "There is no legal authority to suggest that these are proper bases (basis sic) for objecting to the R&R". Plaintiff respectfully disagrees. Fed. R. Civ. P. Rule 12 (f) states;

15

(f) MOTION TO STRIKE. **The court may strike** from a pleading an insufficient defense or any redundant, immaterial, **impertinent**, or scandalous matter. The court may act:
(1) on its own; or
(2) **on motion made by a party** either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

In the case, Federal Deposit Ins. Corp. v. Butcher, 660 F. Supp. 1274 - Dist. Court, ED Tennessee (1987) Civ. No. 3-84-762, the U.S. District Court E.D. stated;

> Although motions to strike are generally not favored and should be used sparingly, Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819 (6th Cir.1953), as Rule 12 iterates, **the motion should be granted where the defenses to be stricken are insufficient as a matter of law**, Anchor Hocking Corp. v. Jacksonville Electric Authority, 419 F.Supp. 992 (D.C.Fla.1976), immaterial in that they "have no essential or important relationship to the claim for relief or the defenses being pleaded," Fleischer v. A.A.P., Inc., 180 F.Supp. 717, 721 (D.C.N.Y.1959), **or are impertinent in that the "matter consists of statements that do not pertain, and are not necessary, to the issues in question."** Commonwealth Edison Co. v. Allis-Chalmers Manufacturing Co., 245 F.Supp. 889 (D.C.Ill. 1965), rev'd in part, aff'd in part on other grounds, 323 F.2d 412 (7th Cir.1963), cert. denied, 379 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659. The granting of a motion to strike is in the discretion of the court. **If the court determines** the defenses to be insufficient as a matter of law, immaterial, **or impertinent the granting of a motion to strike is appropriate.**

As stated in Plaintiff's objection to the Magistrate's R&R, Plaintiff complained;

> The Magistrate's characterization of Plaintiff's complaint is a complete misrepresentation of, and effectively ignores the facts of Plaintiff's cause of action. Plaintiff's Amended Complaint (Docket Entry 6) is unnecessarily and unjustly belittled, and characterized with demeaning terms, suggesting that Plaintiff's Complaint (Docket Entry 6) and Memorandum Response (Docket Entry 17) are not well-written legal documents which is untrue.
> In his Amended Complaint (Docket Entry 6, p. 9 – 37), Plaintiff organized his Statement of Facts in order of severity of due process

16

> violations rather than chronological order. Plaintiff intentionally organized his pleadings in this manner so as to present his facts in a more meaningful manner. Statements such as *"The Plaintiff then backtracks"* and *"The Plaintiff then again backtracks"* appear to be demeaning characterizations of Plaintiff's Amended Complaint, and as such are unnecessary.
>
> The magistrate judge's further characterizations; *"what appears to be a final hearing"*, *"Defendant was biased and should have disqualified"*, *"contends that the Defendant showed his bias"*, and other similar statements are all mischaracterizations of Plaintiff's complaint. Plaintiff's complaint is not that the Defendant was biased (although this is most certainly true); Plaintiff's detailed statements of fact are clear and well stated, evidenced by certified court reporter prepared transcripts, and show a clear cause of action for repeated and multiple violations of Plaintiff's constitutionally guaranteed right of due process. The facts of this case, and supporting evidence are undeniable and irrefutable. (Docket Entry 21, p. 3 – 4).

Plaintiff asserts that this Honorable Court should have considered and ruled upon Plaintiff's Motion to Strike and his complaint that the Magistrate's R&R was belittling and demeaning in nature. Considering that Plaintiff is pro se, such a characterization of Plaintiff's Amended Complaint was unnecessary, impertinent and beneath a federal magistrate judge. Moreover, Plaintiff asserts the Magistrate's characterization of Plaintiff's Amended Complaint was baseless and without any foundation whatsoever.

## CONCLUSION

Based upon the above sound arguments of law and supporting authorities Plaintiff begs;

1. The Court's reconsider and reverse the Order dismissing Plaintiff's Amended Complaint as Rooker-Feldman Doctrine plainly does not bar jurisdiction in this matter.

2. Plaintiff should be granted leave to amend his Complaint so as to clarify, correct, and or, eliminate any defects.

3. The Court reconsiders, and based on the facts, addresses Plaintiff's Motion to Strike.

4. The Court reconsiders the facts that Plaintiff is a member of a protected class (litigants) and he was denied Equal Protection and Due Process.

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
John.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and via First Class US Mail, postage prepaid to;

Joseph Ahillen, BPR # 028378
Assistant Attorney General
Civil Rights and Claims Division
Office of the Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207

On this the 6th day of February, 2017

John Anthony Gentry, CPA

## Oath

**State of Tennessee** )

**County of** Maury )

    I, John Anthony Gentry, after being first duly sworn according to law, do hereby make oath and affirm that all statements included in **MEMORANDUM OF LAW SUPPORTING PLAINTIFF'S MOTION TO ALTER JANUARY 26, 2017 MEMORANDUM & ORDER AND REQUEST FOR LEAVE TO AMEND**, are true and correct to the best of my knowledge, information and belief

                                                    John Anthony Gentry

Sworn to and subscribed before me, this the 6th day of February, 2017

Notary Public /s/ Karen Peters

My Commission Expires 5/20/2019

19