# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: September 14, 2017

Mr. Joseph P. Ahillen
Office of the Attorney General
of Tennessee
P.O. Box 20207
Nashville, TN 37202

Mr. John Anthony Gentry
208 Navajo Court
Goodlettsville, TN 37072

Ms. Jaclyn Lisa McAndrew
Office of the Attorney General
of Tennessee
P.O. Box 20207
Nashville, TN 37202

Re: Case No. 17-5204, *John Gentry v. Joe Thompson*
Originating Case No. : 3:16-cv-02617

Dear Counsel and Mr. Gentry:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Amy E. Gigliotti
Case Manager
Direct Dial No. 513-564-7012

cc: Mr. Keith Throckmorton

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 17-5204

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| JOHN ANTHONY GENTRY, ) | |
| ) | |
| Plaintiff-Appellant, ) | |
| ) | |
| v. ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR |
| THE HONORABLE JOE H. THOMPSON, Circuit ) | THE MIDDLE DISTRICT OF |
| Court Judge, ) | TENNESSEE |
| ) | |
| Defendant-Appellee. ) | |
| ) | |

O R D E R

Before: GUY, BATCHELDER, and COOK, Circuit Judges.

John Anthony Gentry, a pro se Tennessee plaintiff, appeals the district court's judgment dismissing his civil rights complaint under 42 U.S.C. § 1983 pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Gentry also moves the court to stay his state-court appellate proceedings pending resolution of his appeal. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Gentry filed an amended complaint under § 1983 that alleged that the Honorable Joe H. Thompson, the judge who presided over his divorce in state court, violated his right to due process in those proceedings by repeatedly denying him his right to be heard, and through other alleged misconduct during the case. Judge Thompson moved to dismiss the complaint under Rule 12(b)(1) on the ground that Gentry's claims are barred under the *Rooker-Feldman* doctrine, or under Rule 12(b)(6) on the ground that he is entitled to absolute judicial immunity. *See*

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). To the extent that Gentry sued him in his official capacity, Judge Thompson argued that Eleventh Amendment sovereign immunity barred Gentry's claims.

A magistrate judge issued a report and recommendation that concluded that the district court lacked subject matter jurisdiction over the complaint under *Rooker-Feldman*, and that Judge Thompson is entitled to absolute judicial immunity from suit in his individual capacity and to Eleventh Amendment sovereign immunity from suit in his official capacity. The district court denied Gentry's motion to strike the report and recommendation and adopted the magistrate judge's conclusion that the court lacked subject matter jurisdiction pursuant to *Rooker-Feldman*. Because of that conclusion, the district court declined to reach the question of absolute judicial immunity. The district court therefore dismissed Gentry's complaint with prejudice. The district court also denied Gentry's motion for an evidentiary hearing, his Rule 59(e) motion to alter or amend the judgment, and his Rule 15 motion to amend the complaint.

Gentry filed a timely notice of appeal. Gentry argues that the district court erred in dismissing his complaint pursuant to *Rooker-Feldman*, and in denying his motions to amend, to strike the report and recommendation, and for an evidentiary hearing. Gentry also claims that the district court erred by failing to provide notice of the magistrate judge's report and recommendation. Finally, Gentry argues that his claims are not barred by judicial immunity or Eleventh Amendment sovereign immunity. Gentry also filed a motion asking the court to enjoin the state court of appeals from ruling on his appeal of the judgment in his divorce case pending the disposition of this appeal because that court is allegedly subjecting him to due process violations as well.

We normally review de novo the district court's conclusion that the *Rooker-Feldman* doctrine precludes federal subject matter jurisdiction. *See McCormick v. Braverman*, 451 F.3d 382, 389 (6th Cir. 2006). We may, however, affirm the district court's judgment based on any ground supported by the record. *See Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002).

Accepting the amended complaint's factual allegations as true, and construing them in the light most favorable to Gentry, *see Bright v. Gallia Cty.*, 753 F.3d 639, 648 (6th Cir. 2014),

all of the alleged due process violations resulted from actions taken by Judge Thompson in his capacity as a judicial officer presiding over Gentry's divorce proceedings. None of the allegations shows that Judge Thompson acted in the complete absence of all jurisdiction. Judge Thompson therefore is entitled to absolute judicial immunity from suit under § 1983 in his individual capacity. *See Mireles v. Waco*, 502 U.S. 9, 11-13 (1991); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997). Eleventh Amendment sovereign immunity bars Gentry's claims to the extent that he sued Judge Thompson in his official capacity. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Hessmer v. Bad Gov't*, No. 3:12-cv-590, 2012 WL 3945315, at *11 (M.D. Tenn. Sept. 10, 2012) (holding that judges in Tennessee are state officials and that therefore Eleventh Amendment sovereign immunity bars official capacity suits against state judges) (collecting cases).

Gentry's remaining assignments of error are without merit. Accordingly, we **AFFIRM** the district court's judgment and **DENY** as moot Gentry's motion to stay the state-court appellate proceedings.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk